WILBERT J. FLOCK AND FREDERICK FLOCK, BY THEIR NEXT FRIEND, PLAINTIFFS IN ERROR, v. JEPTHA SMITH, DEFENDANT IN ERROR.

Submitted July 9, 1900— Decided November 19, 1900.

1. The act known as the "Martin act" (*Pamph. L.* 1886, *p.* 149) is constitutional.

2. It is not local and special, but applies equally to all cities.

3. There is no contractual relation between the municipality and the defaulting taxpayer. A tax laid by authority of law creates an obligation which may be enforced by any legal means which the legislature may in its discretion from time to time adopt.

4. The act does not contravene the constitutional provision in regard to taxation. It does not provide for taxation within the meaning of the organic law, but simply provides additional machinery for the collection of taxes.

5. The provision that taxes assessed at a rate in excess of three per

cent. shall not have the benefit of the act does not make the act special. That provision does not exclude any city from its operation, but excludes such taxes whenever and wherever levied from the benefit of the act for their collection. It creates no distinction between cities in that respect.

On error to the Supreme Court.

For the plaintiffs, *Thomas N. McCarter, Jr.*

For the defendant, *W. Bradford Smith* and *Herbert Boggs.*

The opinion of the court was delivered by'

VAN SYCKEL, J. The only question involved in this case is whether the act of March 30th, 1886, commonly called the "Martin act," is constitutional. *Pamph. L., p.* 149; *Gen. Stat., p.* 3370.

This question is elaborately discussed in the opinion of the Supreme Court (*In re Commissioners of Elizabeth,* 20 *Vroom* 488) sustaining the validity of this legislation. We fully concur in the view expressed by the Supreme Court, and deem it necessary only to notice briefly some objections not specifically discussed in that opinion.

1. The insistment is that the act is local and special.

The act expressly applies to all cities, and its aid may be invoked and it may be put into operation by any city under the conditions specified in the statute.

It is now so well settled that legislation for cities as a class is valid and constitutional, and not local and special, that it is not necessary to cite authorities in support of it.

2. The second objection is that the act is unconstitutional because it impairs the obligation of contracts; the claim being that the defaulting taxpayer has a vested right to be subject only to the penalty which existed at the time of his default, and not to the more severe penalty of a sale in fee of his lands.

There is no contract relation between the municipality and the defaulting taxpayer. The mode of proceeding prescribed

by the prior local tax laws was a mere remedy for collection. As is said in the Elizabeth case, a tax laid by authority of law or an assessment for benefits conferred by a local improvement creates a duty and obligation which may be enforced by any means which the legislature may from time to time adopt. Individuals upon whom or against whose property such duties and obligations are imposed, have no vested right in the remedy which was in force when the duty or obligation arose. Until the tax or assessment is satisfied in virtue of the provisions of the previous law, the public authorities may be authorized to employ more stringent measures to enforce payment of these dues. *Skinkle* v. *Essex Public Road Board,* 18 *Vroom* 93; *S. C. affirmed,* 140 *U. S.* 334.

3. It is equally clear that this legislation does not contravene the provision of the state constitution that property shall be assessed for taxes under general laws and by uniform rules according to its true value.

The act does not provide for taxation within the meaning of the organic law. It merely provides machinery for the collection of taxes, which were and are subject to be assessed by the local governments according to the constitutional provision.

It confers a power like that exercised by the courts under the act of 1881 (*Pamph. L., p.* 194), which has been supported by the Supreme Court and recognized by this court as valid remedial legislation for the collection of taxes and assessments previously levied by the duly constituted tribunals. It cannot be regarded as an exercise of the taxing power.

4. The remaining alleged infirmity in the act is that the thirteenth section of the act provides that the act shall apply where the tax rate does not exceed three per cent., and this it is insisted is an illusory classification, and stamps the act with a local and special character.

The language of the thirteenth section is as follows:

"That taxes hereafter levied, where the rate does not exceed three per centum, and assessments hereafter levied and assessed on land and real estate in any city of this state,

which shall remain unpaid for the space of three years from
and after the time when due and payable, may, in the discre-
tion and upon the direction of the board or body having
charge or control of the finances of the city, be collected in
accordance with the provisions of the act."       .  .  \

It applies in terms to all cities, no city being taken out of
its operation. All cities remain subject to its provisions, and
it can be put into operation in any city, and in every city
under precisely like conditions. The act does not provide
that a city where the tax rate exceeds three per cent. shall not
be within the statute.

The language is that taxes levied after the passage of the
act, where the rate does not exceed three per cent., and assess-
ments which remain due and unpaid for three years, may be
collected in pursuance of the act. It applies to and embraces
all cities, excluding in every case from the benefit of the pro-
visions of the act not the city, but only such taxes as are laid
in excess of a three per cent. rate. It creates no distinc-
tion between cities, but specifies the taxes to which the law
shall be applicable, namely, taxes not exceeding the rate of
three per cent.

The reason for this provision of the law seems to be that
in the legislative mind, where the burden of taxation is so
heavy that it exceeds the three per cent. rate, the taxpayer
should not be subject to have his land sold in fee because he
cannot pay the tax; in such cases the local governments are
left to enforce the payment of the tax in accordance with the
provisions of previously existing local laws. It may also be
that it was supposed that this section would tend to restrain
the laying of excessive taxes.

Whatever the reason may have been which influenced the
legislature, it was within the legislative discretion to make
this distinction, which is general, and which applies without
exception. It was a legislative function over the exercise of
which the judiciary has no control.

No infirmity is found in this statute, and the judgment
below is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, GARRETSON, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES.    12.

*For reversal*—None.