Loíza Sugar Co., Plaintiff and Appellant, *v.* Rafael Busca-glia, Treasurer of Puerto Rico, Defendant and Appel-lee. The Fajardo Sugar Co. of Puerto Rico, Plaintiff and Appellant, *v.* Same, Defendant and Appellee.

Nos. 8882 and 8883.   Argued April 12, 1944.—Decided May 8, 1944.

*Sifre, Franceschi & Sifre,* and *Rafael Pastor,* for appellants.   *M. Ro-dríguez Ramos* and *A. E. Franco Cabrero, Deputy Attorney Gen-eral,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

Act No. 267, approved May 15, 1938, Laws of Puerto Rico, 1938, p. 497, levied a tax of one-fourth of a cent on each gallon of molasses brought into, or manufactured, sold, used, or otherwise disposed of in, Puerto Rico. In Novem-ber 1938 and in March 1939, the plaintiff sold and exported 1,128,834 gallons of molasses on the sale of which defendant levied a tax of one-fourth of a cent for each gallon, amount-ing to $2,822.08.

Act No. 267 of 1938 was re-enacted by virtue of Act No. 171 of May 13, 1941, Laws of Puerto Rico, 1941, p. 1032, whereby §4 of the original act was amended, reading in its pertinent part, as follows:

"In case any natural or artificial person, bound to pay the tax established in this Act, fails to do so in the form and within the term established, said person shall pay, in addition to the tax and

as a part thereof, as a penalty, five (5) per cent of the total amount owed, plus interest at the rate of one (1) per cent a month, counting from the date of the expiration of the term fixed for the payment of such tax."

It was further provided in the Act as re-eneacted that, for all purposes, the effective date of the Act was retroactive to the date on which Act No. 267 of May 15, 1938, took effect, as originally approved on that last date, in the same manner as if said Act No. 267 had been approved on said date in the manner and with the wording as amended by the re-en- ācting Act. Notwithstanding the fact that the sale and ex- portation of the molasses were effected, as we have said, in November 1938, and in March 1939, plaintiff had not-yet paid the tax of one-fourth of a cent on each gallon, for which reason the defendant, applying the re-enacting act, levied on the plaintiff, in addition to the normal tax of one-fourth of a cent, penalties and interest, as follows:

"Penalty of 5 per cent on $2,822.08 ... $141.10

Monthly interest of 1 per cent on $1,656.06 from 12/10/38 to 6/10/42, ... 695.55

Monthly interest of 1 per cent on $1,166.02 from 4/10/39 to 6/10/42, ... 443.09

Total penalties and interest, ... $1,279.74."

And as additional penalties, he levied and collected the fol- lowing interest:

"Interest on payment of taxes and penalties at the monthly rate of 1 per cent from 6/10/42 to 7/2/42, $11.55."

On ‚July 2, 1942, plaintiff paid under protest the first part of $1,279.74 and on the 29th of the same month he paid, under protest also, the sum of $11.55 which we have just mentioned.

Plaintiff alleges that the provision of the re-enacting Act, making retroactive the levying of interest and penalties for default in the payment of the tax on molasses, is unconsti-

594

tutional because said Act is *ex post facto* in its nature and therefore violates §2 of the Organic Act, inasmuch as Act No. 267 of 1938 did not levy any penalty in the way of interest or surcharges at the time said molasses was sold, or at the time the tax was levied, or when payment was required, or at the time of default.

The defendant filed a demurrer for insufficiency, which was sustained, and it being alleged by plaintiff that the complaint was not susceptible of amendment, it prayed the court to render judgment on the order sustaining the demurrer, whereupon judgment was rendered and the plaintiff brought the present appeal.

The question involved herein has been repeatedly decided by the Supreme Court of the United States against plaintiff's contentions, and we shall therefore briefly dispose of its argument.

██ Neither the Federal Constitution nor our Organic Act forbids the approval of civil laws with retroactive effect. They do forbid *ex post facto* laws and those which impair the obligation of contracts. But the Act challenged herein is not an *ex post facto* law. *Ex post facto* laws are those which render as an offense and as punishable an act committed before the existence of the law, which at the time of its commission had not been declared a crime, or those which, by amending a law which increases the penalty previously fixed for an offense, declare as applicable the penalty thus increased to offenses committed before the amended Act became effective. The classification of *ex post facto* is limited exclusively, as we have indicated, to criminal cases. *League v. Texas*, 184 U. S. 156; *Johannessen v. United States*, 225 U. S. 227, 242; *Bankers Trust Co.* v. *Blodgett*, 260 U. S. 647, 652.

██ In the case of *Flock et al.* v. *Smith*, 47 A. 442, a penalty was levied with retroactive effect on defaulting taxpayers. They alleged that they had a vested right to be sub-

jected only to the penalty which existed at the time of their default, and not the more severe penalty fixed by a subsequent law. The court stated:

" . . . As is said in the Elizabeth Case, a tax laid by authority of law, or an assessment for benefits conferred by a local improvement, creates a duty and obligation, which may be enforced by any means which the legislature may from time to time adopt. Individuals upon whom or against whose property such duties and obligations are imposed have no vested right in the remedy which was in force when the duty or obligation arose. Until the tax or assessment is satisfied in virtue of the provisions of the previous law, the public authorities may be authorized to employ more stringent measures to enforce payment of these dues. (Citing authorities.)"

In the case of *League* v. *Texas, supra,* wherein a taxation law was involved which, as in the instant case, levied a penalty with retroactive effect, the Court upheld the validity of the Act against a contention similar to appellant's. It was said therein that the state may levy penalties or interest with retroactive effect and that in so doing it does not violate the provisions of the Federal Constitution which prohibit the passing of *ex post facto* laws.

In *Bankers Trust Co.* v. *Blodgett, supra,* the validity of a penalty similar to the one in the present case was also upheld.

Although the reenacting law provides that the penalty levied therein is part of the tax, said statutory provision should be considered as surplusage, inasmuch as, by its nature, a penalty and not a tax is levied by the Act.

The appellant invokes our decision in the case of *The Texas Company* v. *Domenech, Treas.,* 50 P.R.R. 415, but that case may be distinguished from the present one in that the former dealt with the levying on the taxpayer of a penalty, which, contrary to the instant case, did not arise clearly from the text of the Act. It is true that in said case, at page

430, too broad language was used which was not justified, in view of the facts involved in the case. It was said therein:

"... The provisions of Section 50 of the Internal Revenue Law as amended by Act No. 83 of 1931, *supra*, being of a penal character, may not be applied retroactively either by express legislative provision or by judicial interpretation, as that is contrary to the bill of rights of our Organic Act. Consequently, we hold that the interest, surcharges and costs levied on the gasoline imported on July 26, 1931, are unjustified and unlawful and that the court below acted correctly in issuing the writ of injunction to prevent their collection in a summary manner."

In the above-mentioned case, although penalties similar to the instant case were levied, they were not of a criminal character, and therefore, they did not violate the bill of rights of the Organic Act, since an *ex post facto* law was not involved. But as we have already said, the penalty did not cleraly arise from the text of the law, and consequently we acted correctly in not upholding the alleged penalty. *Am. Railroad Co.* v. *Industrial Commission*, 61 P.R.R. 303.

For the reasons stated the judgment appealed from must be affirmed.