*Application of* Henry M. Shoemaker *to Stay Execution of Judgment and to be Admitted to Bail.*

1. Criminal Law — *Murder Case — Bail Pending Appeal*—Under an act of the legislature of this territory, approved February 2, 1895, a defendant who has been convicted of murder and sentenced to life imprisonment is not entitled to bail pending appeal.

2. Statute — *Repeal of — Effect on Proceedings Pending.*— Where a remedy depends purely upon a statute giving the same, the repeal of the law pending an action puts an end to the right even as to a pending proceeding.

*Original Application for Bail and Stay of Execution.*

*Gardner & Risley,* for petitioner.

*C. A. Galbraith, Attorney General,* for the territory.

The opinion of the court was delivered by

Bierer, J.: This is a *habeas corpus* proceeding, instituted in this court for the purpose of procuring bail, and a stay of execution, pending an appeal from a judgment against the petitioner, Henry M. Shoemaker, which judgment is that he is guilty of murder, and for which he was sentenced to the penitentiary for life.

The petitioner claims that, under our statutes, the jury having fixed his punishment at imprisonment for life, instead of death, he is entitled to bail pending his appeal to the supreme court.

It is unnecessary now to place a construction upon the conflicting provisions of the Oklahoma statutes

which were in force at the time this case was tried, and at the time this application for bail was presented to this court, for an act passed by the legislature, now in session, and approved by the governor February 2, 1895, leaves no doubt upon the question that, where a conviction has been had, and the punishment fixed at life imprisonment, the defendant is not entitled to bail pending an appeal to the supreme court.

Section 1 of the act referred to reads as follows:

"Sec. 1. That § 5501, of the statutes of Oklahoma, be, and the same is, hereby repealed, and the following be enacted in lieu thereof: Section 5501. After conviction of a crime or public offense, not punishable by death or incarceration for life in the territorial prison, a defendant who sues out a writ of error for revision of the judgment, or takes an appeal from the judgment rendered against him, shall, on furnishing bond, be admitted to bail as provided by § 5324 of the statutes of Oklahoma. The court when passing sentence shall fix a reasonable time within which bail may be given, and the appeal or writ of error taken, and shall during that time hold the defendant in custody. If bail be not given in the time fixed, the judgment of the court shall be carried into execution.

"All defendants heretofore convicted, and who have appealed, or have writs of error now pending for the review of the judgment against them, or who may hereafter so appeal under this act, shall be entitled to the benefit of this act; and if bail be not now fixed, the court shall fix the bail as in § 5324 provided, and on giving bail, the defendant shall be released pending his appeal. If the bail fixed be excessive, the defendant shall, by *habeas corpus* proceedings, have the right to have the same fixed by the supreme court, or if court be not in session, then by some judge or justice of the supreme court other than the judge who fixed the bail."

There is no saving clause in this act of any rights which may have existed in a murder case, and whatever they were we do not now determine, under § 5501 or 5324, which are the principal ones out of which the

dispute between the territory and the defendant on this matter arose. The right of bail after conviction is purely statutory and would not exist in the absence of the statute; and if the right ever did exist in the petitioner to have bail after conviction it certainly does not exist now, for the repeal of the statue would certainly take it away even as to a pending case (*Gilleland vs. Schuyler*, 9 Kan. 569.)

In the case cited the supreme court of Kansas, by Justice Brewer, said :

"It will not be denied that the ordinary effect of the repeal of a statute is to put an end to all proceedings under it, then pending and undetermined."

The application of the petitioner is denied.

All the Justices concurring.