Ex Parte Antonio Castro Pérez, Petitioner, v. Balbino González, Warden of the District Jail of San Juan, Respondent.

No. 448. Argued May 14, 1949.—Decided May 17, 1949.

*César Andréu Ribas* for petitioner.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Antonio Castro Pérez was convicted of the offense of murder in the first degree and on February 2, 1948 was sentenced to the penitentiary for a term of twenty to thirty years. He appealed to this Court and pursuant to § 374 of the Code of Criminal Procedure, as it stood then,[1] the court fixed, and he gave bail pending his appeal for $20,000. On April 20, 1949 § 374 was amended by Act No. 61 to become effective immediately. It now provides:

"Section 374.—*After a defendant is convicted of an offense not entailing penalty of life imprisonment,* if said defendant files a writ of appeal in the Supreme Court, bail shall be admitted:

"1. As a matter of right, when appeal is taken from a sentence imposing fine only.

"2. As a matter of right, when appeal is taken from a sentence imposing imprisonment in ·jail in misdemeanors.

"3. In the discretion of the trial judge, or of the Supreme Court, or of any of the associate justices thereof, in all other cases; *Provided,* That no bail shall be admitted in these latter cases, when the appeal fails to raise a substantial issue, or when the nature of the offense or character and penal antecedents of the defendant make it advisable, in the judgment of the court, and for the protection of society, that the convict be confined pending hearing of the appeal; *Provided, further,* that no bail shall be admitted without first giving the prosecuting attorney of the proper court an opportunity to be heard." (Italics ours.)

---

[1] Said Section provided the following:

"Section 374.—(Amended by Act No. 12½ of 1921, page 120.) Upon conviction of an accused for an offense not punishable by life imprisonment it shall be the duty of the court to fix bail should the accused appeal to such higher court as may be proper."

On May 3, 1949 the district attorney filed a motion in said court, wherein after stating the facts of the case, he alleges the following:

### III

"That the appeal taken by the defendant in the above entitled case does not raise any substantial question to warrant the admission to bail.

### IV

"That due to the nature of the offense committed by the defendant and having appealed from the conviction thereof, it is advisable to imprison the convict during the pendency of the appeal for the protection of society wherefore this court should annul and set aside the bail given and admitted.

### V

"That the defendant in the above entitled case has bad criminal antecedents and is reputed to have a quarrelsome, malicious and dangerous character for which reason his imprisonment during the pendency of the appeal as well as the cancellation of bail is likewise advisable for the protection of the society.

### VI

"Attached to this motion and forming part thereof are several certificates of judgments rendered by insular courts in connection with the criminal antecedents and quarrelsome character of the defendant.

"FOR THE REASONS STATED we pray this Honorable Court to set aside and cancel the bail furnished by the defendant to be set free during his appeal and accordingly to order the immediate imprisonment of the defendant in the District Jail of San Juan, Puerto Rico, pursuant to the provisions of Act No. 61, of April 20, 1949."

The court granted the motion, cancelled the bail given by the defendant and ordered his imprisonment. The defendant filed the present habeas corpus proceeding in this Court alleging, fundamentally, that his detention was illegal because Act No. 61 of 1949, *supra*, was unconstitutional in-

924

sofar as it was applied to his case, it being *ex post facto* legislation prohibited by our Organic Act.[2]

■■ We do not agree with the petitioner. As a matter of *right* he was entitled to bail *before* his conviction, according to subdivision 4 of § 2 of the Organic Act, which provides:

"That all persons shall *before conviction* be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great." (Italics ours.)

Notwithstanding the fact that this constitutional right is restricted, our Legislature chose to extend the privilege to bail for all offenses after conviction, with the exception of those punishable with life imprisonment. Section 374, as amended in 1921, *supra*. It had power to do so. And now under Act No. 61 of 1949 it has power to limit said privilege. The difference between granting bail before or after conviction lies in the fact that in the former case the defendant is presumed innocent of the offense charged against him, while in the latter, that is, after conviction, this presumption disappears and it devolves on the defendant to show on appeal that his conviction was erroneous. 6 Am. Jur. 60, § 27; *Vanderford* v. *Brand*, 126 Ga. 67, 54 S.E. 822; Application of Bolitho, 6 P. (2d) 855; *McKnight* v. *United States*, 113 F. 451.

■ There is no constitutional right to bail after a conviction. *Ex parte Harlan*, 180 F. 119, affirmed in *Harlan* v. *McGourin*, 218 U. S. 442; *McKane* v. *Durston*, 153 U. S. 684, where it was held that:

". . . An appeal from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing such appeal. A review by an appellate court of the final judgment in a criminal case, however grave the offense of which the accused is convicted, was not at common law and is not now a necessary element of due process of law.

---

[2] Subdivision 8 of § 2 of the Organic Act, provides:
"That no *ex post facto* law or bill of attainder shall be enacted."

It is wholly within the discretion of the State to allow or not to allow such a review. A citation of authorities upon the point is unnecessary.

"It is, therefore, clear that the right of appeal may be accorded by the State to the accused upon such terms as in its wisdom may be deemed proper. . . ."

In this case bail was denied to the defendant because the granting of bail was made by the statute a matter of discretion. And even a pending appeal was dismissed for want of appellate jurisdiction when the statute granting the right of appeal in said case was repealed. *Ex parte McCardle,* 74 U. S. 506; Cf. *Vázquez* v. *Rivera, ante,* p. 883.

If the right of appeal can be repealed thereby affecting cases pending before the court, how can it be maintained that the repeal of an Act which granted the unrestricted privilege of giving bail in a criminal case and limits said privilege under certain circumstances is an *ex post facto* law insofar as it may be applicable to a pending appeal in which defendant has given bail? For a law to be such, it must affect the right of the defendant and not a privilege.

". . . *Ex post facto* laws are those which render as an offense and as punishable an act committed before the existence of the law, which at the time of its commission had not been declared a crime, or those which, by amending a law which increases the penalty previously fixed for an offense, declare as applicable the penalty thus increased to offenses committed before the amended Act became effective." *Loíza Sugar Co.* v. *Buscaglia, Treas.,* 63 P.R.R. 592, 594.

Also those that aggravate a crime after it is committed or alter the rules of evidence to the prejudice of the defendant. *Calder* v. *Bull,* 3 U. S. 385; *Malloy* v. *South Carolina,* 237 U. S. 180.

An Act limiting the right to bail under certain specific circumstances is not *ex post facto.* It has been so held in *In Re Shoemaker,* 39 P. 284 (Okl., 1895) and *Ex parte Villano,* 140 A. 11 (N.J., 1928). In the former, Shoemaker was sentenced to life imprisonment for the offense of murder.

Claiming that he was entitled to bail pending appeal under a statute in effect at the time he was convicted and which had been amended, he filed a habeas corpus petition in the Supreme Court which was denied in the following terms:

". . . The right of bail after conviction is purely statutory, and would not exist in the absence of the statute; and, if the right ever did exist in the petitioner to have bail after conviction, it certainly does not exist now, for the repeal of the statute would certainly take it away, even as to a pending case."

In the *Villano* case, *supra*, also a habeas corpus proceeding, the situation is similar to the case at bar. The petitioner was convicted and sentenced for manslaughter committed on June 30, 1927 and took an appeal. He was entitled to bail pending the appeal according to the statutes at the time the crime was committed. Four days later an Act was approved providing that bail would be granted only upon a certificate of reasonable doubt issued by the judge. The court refused bail and the petitioner alleged that since he had had the right to bail when the offense was committed, this right could not be taken from him constitutionally by a subsequent law. The court said:

". . . The right to bail after conviction is a statutory privilege that relates not to the crime nor judgment, but only to the procedure on review, and the added condition to the exercise of the privilege by an act passed after the commission of the crime does not offend the constitutional inhibition against *ex post facto* laws. Procedure privileges are always under legislative control. Cooley on Const. Lim. 272; *Moore* v. *State,* 43 N. J. Law, 203, 39 Am. Rep. 558."

The privilege of giving bond on appeal has not been repealed by Act No. 61 of 1949, *supra*. It has merely been limited. This limitation affects future cases as well as cases pending appeal and it does not constitute *ex post facto* legislation.

■ The other allegations of the petition lack merit. It is alleged that the lower court, after the appeal was taken

and bail furnished, lacked jurisdiction to act in the manner it did. We do not agree. The appeal and the giving of bail are two independent matters. Precisely bail is given after the appeal and the court retains always its jurisdiction to approve, modify or cancel it. Sections 374, *supra*, and 388 of the Code of Criminal Procedure. The cases cited by the petitioner are no authority to support the opposite.

 The fact of whether or not a substantial question is involved in the appeal of the case on its merits was already decided against the petitioner by the lower court in the exercise of its discretion. We can not decide, within a habeas corpus proceeding, whether the court used its discretion properly especially since § 374, as amended by Act No. 61 of 1949, *supra*, establishes other requisites which also involve the question of discretion. To comply with a single requisite is not sufficient. They must be all complied with in order for the court to grant bail pending an appeal.

The writ sought is denied.