Loíza Sugar Company, demandante y apelante, *v.* Rafael Buscaglia, Tesorero de Puerto Rico, demandado y apelado. The Fajardo Sugar Co. of Puerto Rico, demandante y apelante, *v.* El Mismo, demandado y apelado.

Núms. 8882 y 8883.—*Sometidos:* Abril 12, 1944. *Resueltos:* Mayo 8, 1944.

*Sifre, Franceschi & Sifre*, y *Rafael Pastor*, abogados de las apelantes; *Hon. Procurador General Interino M. Rodríguez Ramos* y *A. E. Franco Cabrero, Procurador General Auxiliar*, abogados del apelado.

El Juez Asociado Señor de Jesús emitió la opinión del tribunal.

La Ley núm. 267 aprobada el 15 de mayo de 1938, Leyes de Puerto Rico, 1938, pág. 516, impuso una contribución de un cuarto de centavo por cada galón de miel que se fabrique, venda o consuma, se introduzca o de otro modo se disponga para el consumo en Puerto Rico. En noviembre 1938 y en marzo 1939 la demandante vendió y exportó 1,128,834 galones de miel, a las cuales ventas el demandado impuso una contribución de un cuarto de centavo por cada galón, montante a $2,822.08.

La Ley núm. 267 de 1938 fué decretada nuevamente (*reenacted*) a virtud de la Ley núm. 171 de 13 de mayo de 1941, Leyes de Puerto Rico, 1941, pág. 1033, y así decretada nuevamente la sección 4 de la citada ley original quedó enmendada de forma que en lo pertinente dice:

"Si una persona, natural o jurídica, obligada a pagar la contribución fijada por esta Ley, no lo hiciere en la forma y tiempo establecidos, pagará, además de la contribución y como parte de ella, en concepto de penalidad, el cinco (5) por ciento de la cantidad total adeudada, más intereses a razón de uno (1) por ciento mensual computables desde la fecha del término fijado para el pago de dicha contribución."

Se dispuso además en la ley decretada nuevamente que a todos los efectos la vigencia de la referida ley se retrotraía a la fecha en que comenzó a regir la Ley núm. 267 de 15 de mayo de 1938, según fuera originalmente aprobada en esta última fecha y como si dicha Ley núm. 267 hubiera sido aprobada en dicha fecha en la forma y con el texto en que en la ley decretada nuevamente quedó enmendada. A pesar de que la venta y exportación de la miel tuvo efecto como hemos dicho en noviembre 1938 y en marzo 1939, la demandante no

había pagado la contribución de un cuarto de centavo por galón, por lo que en adición a la contribución normal de un cuarto de centavo, el demandado, aplicando la ley decretada nuevamente, cobró a la demandante en concepto de penalidades los recargos e intereses siguientes:

"Recargos al 5 por ciento sobre $2,822.08 $141.10
Intereses al 1 por ciento mensual sobre $1,656.06 desde 12/10/38 a 6/10/42, 695.55
Intereses al 1 por ciento mensual, sobre $1,166.02 desde 4/10/39 a 6/10/42, 443.09
Total penalidades—recargos e intereses, $1,279.74."

Y en concepto de penalidades adicionales, le impuso y cobró además los intereses siguientes:

"Intereses sobre pago efectuado por concepto de impuestos y penalidades al 1 por ciento mensual desde 6/10/42 a 7/2/42, $11.55."

El 2 de julio de 1942 la demandante pagó bajo protesta la primera partida de $1,279.74, y el 29 del mismo mes pagó también bajo protesta la suma de $11.55 a que acabamos de referirnos.

Alega la demandante que la disposición de la ley decretada nuevamente dando efecto retroactivo a la imposición de intereses y penalidades por falta de pago del impuesto sobre la miel es inconstitucional porque la referida ley tiene el carácter de *ex post facto* y por consiguiente infringe el artículo 2 de la Ley Orgánica, toda vez que la Ley núm. 267 de 1938 no imponía penalidad alguna en forma de intereses y recargos al tiempo en que las mieles fueron vendidas, ni a la fecha en que fué imponible la contribución, ni al tiempo en que era exigible el pago de la misma ni cuando incurrió en morosidad la demandante.

El demandado interpuso excepción previa de falta de causa de acción, que fué declarada con lugar, y alegando la demandante que la demanda no era susceptible de enmienda, solicitó de la corte inferior que dictase sentencia de confor-

midad con la resolución de la excepción previa, y habiéndose dictado dicha sentencia, oportunamente interpuso el presente recurso.

La cuestión aquí envuelta ha sido resuelta repetidamente por el Tribunal Supremo de los Estados Unidos en contra de las pretensiones de la demandante, y por consiguiente podremos disponer de la contención sumariamente.

■■ Ni la Constitución Federal ni nuestra Ley Orgánica prohiben que se aprueben leyes civiles con efecto retroactivo. Lo que prohiben son leyes ex post facto y aquéllas que menoscaben las obligaciones de los contratos. Pero la ley impugnada en este caso no es una ley ex post facto. Leyes ex post facto son aquéllas que declaran delictivos y castigan actos realizados con anterioridad a la aprobación de la ley, que al tiempo de su realización no constituían delito alguno, o las que al enmendar una ley aumentando la pena previamente fijada para un delito declaran aplicable la pena así aumentada a delitos cometidos con anterioridad a la fecha en que empezó a regir la ley enmendatoria. La calificación de ex post facto está limitada exclusivamente, como hemos indicado, a casos criminales. *League* v. *Texas,* 184 U. S. 156; *Johannessen* v. *United States,* 225 U. S. 227, 242; *Bankers Trust Co.* v. *Blodgett,* 260 U. S. 647, 652.

■ En el caso de *Flock et al* v. *Smith,* 47 Atl. 442, se impuso una penalidad con efecto retroactivo a los contribuyentes morosos. Alegaban éstos que tenían un derecho adquirido (*vested right*) a que sólo se les cobrase la penalidad que estaba en vigor al tiempo en que venció la contribución adeudada, y que no podía imponérseles la penalidad más severa que imponía la ley posterior. Se dijo entonces por la corte:

"Como se dice en el Elizabeth Case, una contribución legalmente impuesta, o una contribución especial para el pago de mejoras locales, crea un deber que puede hacerse cumplir por cualquier medio que la asamblea legislativa pueda de tiempo en tiempo adoptar. Aquellos individuos sobre los cuales o contra cuya propiedad se impone tal obligación, no tienen ningún derecho adquirido en el

remedio existente cuando surgió el deber de pagar la contribución. Mientras la contribución no sea satisfecha a virtud de las disposiciones de la ley anterior, las autoridades públicas tienen la facultad de emplear medidas más drásticas para lograr el pago de lo adeudado. [Citas.].''

En el caso de *League* v. *Texas*, supra, en que se trataba de una ley de contribuciones en la cual, como en este caso, también se imponía una penalidad con carácter retroactivo, la corte sostuvo la validez de la ley contra una contención similar a la que ahora hace la apelante. Se dijo en dicho caso que el Estado puede imponer penalidades e intereses con efecto retroactivo y que al así hacerlo no infringe la cláusula de la Constitución Federal que prohibe la aprobación de leyes ex post facto.

En *Bankers Trust Co.* v. *Blodgett,* supra, también se sostuvo la validez de una penalidad semejante a la del presente caso.

Aunque en la nueva ley se hace constar que la penalidad en ella impuesta es parte de la contribución, esa disposición legal debe considerarse como superflua (*surplusage*) toda vez que lo que se impone en esta ley es por su naturaleza una penalidad y no una contribución.

La apelante invoca nuestra decisión en el caso de *The Texas Company* v. *Domenech,* Tes., 50 D.P.R. 432, pero aquel caso se distingue del presente en que allí se trataba de imponer una penalidad al contribuyente la cual, contrario a lo que sucede en este caso, no surgía claramente del texto de la ley. En verdad, en dicho caso, a la página 448 de la opinión, se usó un lenguaje demasiado amplio que no estaba justificado por los hechos envueltos en el caso. Se dijo entonces:

''Las disposiciones de la sección 50 de la Ley de Rentas Internas, enmendada por la Ley núm. 83 de 1931, supra, por ser de naturaleza penal no pueden ser aplicables retroactivamente ni por disposición legislativa expresa ni por interpretación judicial, por oponerse a ello la declaración de derechos de nuestra Carta Orgánica. En su consecuencia, resolvemos que los intereses, recargos y costas

impuestos sobre la partida de gasolina importada en julio 26 de 1931, son injustificados e ilegales y que la corte inferior procedió correctamente al expedir el auto de *injunction* para impedir su cobro por la vía sumaria."

En aquel caso, si bien se imponían penalidades como en éste, no eran de naturaleza criminal, y por consiguiente no infringían la declaración de derechos de la Ley Orgánica, pues no se trataba de una ley ex post facto. Pero como antes dijéramos, la penalidad no surgía claramente del texto de la ley, y por consiguiente fué correcta nuestra decisión al no sostener la alegada penalidad. *Am. Railroad Co.* v. *Comisión Industrial*, 61 D.P.R. 314, 319.

*Por los fundamentos expuestos, procede la confirmación de la sentencia.*