Ex parte 'Antonio Castro Pérez, peticionario, *v.* Balbino González, Alcaide Cárcel del Distrito de San Juan, querellado.

Núm. 448.—*Sometido:* Mayo 14, 1949. *Resuelto:* Mayo 17, 1949.

*César Andréu Ribas,* abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Antonio Castro Pérez fué convicto del delito de asesinato en segundo grado y sentenciado a cumplir de veinte a treinta años de presidio el 2 de febrero de 1948. No conforme con la sentencia, apeló para ante este Tribunal y, bajo el artículo 374 del Código de Enjuiciamiento Criminal, según entonces vigente,(¹) prestó la fianza de $20,000 fijada por la corte para poder permanecer en libertad mientras se sustancia su apelación. El 20 de abril de 1949 el artículo 374 fué enmendado por la Ley núm. 61, de vigencia inmediata, disponiendo ahora lo siguiente:

"Artículo 374.—*Después de convicto un acusado de delito que no conlleve pena de reclusión perpetua,* si éste entablare recurso de apelación para ante el Tribunal Supremo, se admitirá fianza:

"1.—Como cuestión de derecho, cuando se apela de una sentencia imponiendo solamente multa.

"2.—Como cuestión de derecho, cuando se apela de una sentencia imponiéndole cárcel en delitos menos graves *(misdemeanors).*

"3.—A discreción del Juez sentenciador, o del Tribunal Supremo, o de uno de sus jueces, en todos los demás casos; *Disponiéndose,* que no se admitirá fianza en estos últimos casos, cuando la apelación entablada no plantee una cuestión substancial o cuando la naturaleza del delito o el carácter y antecedentes penales del acusado aconsejen, a juicio de la Corte, y para protección de la Sociedad, la reclusión del convicto mientras se ventile la apelación; *Disponiéndose, además,* que no se admitirá fianza alguna sin antes dar al fiscal de la corte correspondiente oportunidad de ser oído." (Bastardillas nuestras.)

---

(¹)Dicho artículo disponía lo siguiente:

"Artículo 374.—(*Según quedó enmendado por la Ley No. 12 1/2 de 1921, pág. 119.*) Después de convicto un acusado de delito que no sea castigable con reclusión perpetua será obligación del tribunal señalar fianza al acusado si éste entablare el recurso de apelación para ante el tribunal superior que corresponda."

El 3 de mayo de 1949 el fiscal de la corte inferior radicó en dicha corte una moción en la cual, después de hacer historia del caso, se alega lo siguiente:

"" *    *    *    *    *    *    *

### III

"Que la apelación entablada por el acusado en el caso de epígrafe no plantea cuestión substancial de clase alguna que justifique el señalamiento y admisión de fianza mientras se tramita y resuelve la apelación entablada.

### IV

"Que debido a la naturaleza del delito cometido por el acusado, y de cuya convicción entabló recurso de apelación es aconsejable para la protección de la sociedad la reclusión del convicto mientras se ventila la apelación entablada, procediendo el que este Tribunal anule y deje sin efecto la fianza prestada y admitida.

### V

"Que el acusado en el caso de epígrafe goza de malos antecedentes penales y está reputado como de un carácter pendenciero, alevoso, peligroso, por lo cual es asimismo aconsejable para la protección de la sociedad su reclusión mientras se ventila la apelación entablada, con la consiguiente cancelación de la fianza prestada.

### VI

"Se acompaña a esta moción y se hace formar parte de la misma sendas certificaciones acreditativas de las sentencias dictadas por tribunales insulares en relación con los antecedentes penales y carácter pendenciero del acusado.

"EN MÉRITO DE LO EXPUESTO, del Hon. Tribunal suplicamos se sirva dejar sin efecto y cancelar la fianza prestada por el acusado para permanecer en libertad mientras se sustancia el recurso de apelación entablado, y en su consecuencia ordene la reclusión inmediata del acusado en la Cárcel de Distrito de San Juan, Puerto Rico, a tenor de lo dispuesto en la Ley núm. 61, aprobada en 20 de abril de 1949."

La corte declaró con lugar dicha moción, canceló la fianza prestada por el acusado y ordenó su encarcelación. El acusado radicó el presente recurso de hábeas corpus ante este

Tribunal alegando, fundamentalmente, que su prisión es ilegal por ser la Ley núm. 61 de 1949, supra, inconstitucional, en tanto en cuanto fué aplicada a su caso, por constituir legislación *ex post facto* prohibida por nuestra Carta Orgánica.([2])

■■ No tiene razón el peticionario. Como cuestión de *derecho* a un acusado debe fijársele fianza *antes* de su convicción, de acuerdo con el apartado 4 del artículo 2 de la Carta Orgánica, que dispone:

"Toda persona podrá, *antes de ser convicta,* prestar fianza con suficiente garantía, excepto por crímenes capitales cuando la prueba sea evidente o la presunción grande." (Bastardillas nuestras.)

A pesar de que esta garantía constitucional es limitada, nuestra Legislatura quiso extender el privilegio a fianza a todos los delitos después de convicto el acusado, con excepción de aquéllos castigables con reclusión perpetua. Artículo 374, según enmendado en 1921, supra. Tenía facultad para hacerlo. También la tiene ahora, por la Ley núm. 61 de 1949, para limitar ese privilegio. La diferencia que existe entre conceder fianza antes o después de una convicción estriba en que en el primer caso al acusado se le presume inocente del delito imputádole, mientras que en el segundo, o sea después de convicto, esa presunción desaparece y corresponde al acusado en apelación demostrar que hubo error en su convicción. 6 Am. Jur. 60, sec. 27; *Vanderford* v. *Brand,* 126 Ga. 67, 54 S.E. 822; *Application of Bolitho,* 6 P.2d 855; *McKnight* v. *United States,* 113 F. 451.

■ No existe ningún derecho constitucional a fianza después de una convicción. *Ex parte Harlan,* 180 F. 119, confirmado en *Harlan* v. *McGourin,* 218 U.S. 442; *McKane* v. *Durston,* 153 U.S. 684, habiéndose resuelto en este último caso, además, que:

---

([2]) El apartado 8 del artículo 2 de la Carta Orgánica dispone:
"No se aprobará ninguna ley 'ex post facto' ni ningún proyecto de ley para condenar sin formación de juicio."

". . . Una apelación de una sentencia de convicción no es cuestión de derecho absoluto, independientemente de disposiciones constitucionales o estatutarias concediendo tal apelación. La revisión por una corte apelativa de la sentencia final en un caso criminal, no importa cuán seria la ofensa de que ha sido condenado el acusado, no era en el derecho común y no es ahora un elemento necesario del debido proceso de ley. Cae de lleno dentro de la discreción del Estado el permitir o no tal revisión. No es necesario citar autoridades sobre este punto.

"Es, por tanto, claro que el derecho de apelación puede concederse por el Estado al acusado bajo aquellos términos que en su sabiduría considere propios. . . ."

En dicho caso al acusado se le negó fianza en apelación bajo una ley que daba discreción a la corte para concederla. Y aun una apelación pendiente ha sido desestimada por falta de jurisdicción en el tribunal apelativo, cuando la ley concediendo el derecho de apelación en dicho caso ha sido derogada. *Ex parte McCardle,* 74 U.S. 506; *Cf. Vázquez* v. *Rivera,* ante, pág. 947.

Si aun el derecho de apelación puede ser derogado y afecta a casos pendientes ¿cómo sostener que la derogación de una ley que concedía el privilegio ilimitado de prestar fianza en apelación en un caso criminal y limita dicho privilegio bajo ciertas circunstancias tiene el carácter de ley *ex post facto* en tanto se pueda aplicar a un caso ya apelado en el cual el acusado ha prestado fianza? Para que una ley tenga dicho carácter debe afectar un derecho del acusado y no un privilegio.

". . . Leyes ex post facto son aquéllas que declaran delictivos y castigan actos realizados con anterioridad a la aprobación de la ley, que al tiempo de su realización no constituían delito alguno, o las que al enmendar una ley aumentando la pena previamente fijada para un delito declaran aplicable la pena así aumentada a delitos cometidos con anterioridad a la fecha en que empezó a regir la ley enmendatoria. . . ." *Loíza Sugar Co.* v. *Buscaglia, Tes.,* 63 D.P.R. 616, 619.

Y también aquéllas que agravan el delito después de su comisión o que alteran las reglas de evidencia en perjuicio del acusado. *Calder* v. *Bull*, 3 U.S. 385; *Malloy* v. *South Carolina*, 237 U.S. 180.

■ Una ley limitando el derecho a prestar fianza en apelación, bajo ciertas circunstancias especificadas, no tiene el carácter de *ex post facto*. Así ha sido resuelto en los casos de *In re Shoemaker*, 39 P. 284 (Okl. 1895) y *Ex parte Villano*, 140 A. 11 (N.J., 1928). En el primero, Shoemaker fué condenado a reclusión perpetua por un delito de asesinato y, alegando que tenía derecho a prestar fianza en apelación bajo la ley en vigor cuando fué convicto y la cual había sido enmendada, radicó una petición de hábeas corpus, en la Corte Suprema, la cual la denegó diciendo:

". . . El derecho a fianza después de convicción es puramente estatutario y no existiría en ausencia del estatuto, y si el peticionario tuvo derecho alguna vez de prestar fianza después de convicto, cier-tamente no existe ahora, pues la derogación del estatuto lo quitaría aun en cuanto a un caso pendiente."

Y en el de *Villano,* supra, también un procedimiento de hábeas corpus, la situación es parecida al caso de autos. El peticionario fué convicto y sentenciado de un delito de homi-cidio cometido el 30 de junio de 1927 y apeló. Tenía derecho a prestar fianza pendiente la apelación según la ley vigente al cometerse el delito. Cuatro días después se aprobó una ley proveyendo que la fianza se concedería siempre que el juez certificara que existía duda razonable. La corte denegó la fianza y el peticionario alegó que habiendo tenido derecho a prestar fianza cuando cometió el delito, ese derecho no se le podía quitar constitucionalmente por la ley posterior. Dijo la corte:

". . . El derecho a fianza después de convicción es un privilegio estatutario que se relaciona, no con el delito o la sentencia, sino con el procedimiento en apelación, y la condición adicional al ejercicio del privilegio exigida por una ley aprobada después de cometido el

delito no viola la inhibición constitucional en contra de leyes *ex post facto*. Privilegios procesales están siempre bajo el control legislativo. Cooley *on Const. Lim.* 272; *Moore* v. *State*, 43 N.J. Law, 203, 39 Am.Rep. 558.''

El privilegio de prestar fianza en apelación no ha sido derogado por la Ley núm. 61 de 1949, supra. Solamente ha sido limitado. Esa limitación afecta tanto a casos futuros como a casos pendientes en apelación y no constituye legislación *ex post facto*.

■ Las demás alegaciones de la petición carecen de méritos. Se alega que la corte inferior, una vez apelado el caso y prestada la fianza, no tenía jurisdicción para actuar en la forma en que lo hizo. No tiene razón. La apelación y la prestación de la fianza son cuestiones independientes. Precisamente la fianza se presta con posterioridad a haberse apelado y la corte siempre conserva su jurisdicción para aprobarla, modificarla o cancelarla. Artículos 374, supra, y 388 del Código de Enjuiciamiento Criminal. Los casos citados por el peticionario no son autoridad para sostener lo contrario.

■ Si hay o no una cuestión substancial envuelta en la apelación del caso en su fondo, esto ha sido resuelto en contra del peticionario por la corte inferior en el ejercicio de su discreción. No procede que, en un recurso de hábeas corpus, determinemos si hizo buen uso de dicho poder discrecional, especialmente cuando el artículo 374, según enmendado por la Ley núm. 61 de 1949, supra, establece otros requisitos, que también envuelven el ejercicio de discreción. No basta cumplir con uno de dichos requisitos sino que deben existir todos para que una corte deba conceder una fianza en apelación.

*No ha lugar a expedir el auto solicitado.*