EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ALFONSO LÓPEZ CARRASQUILLO, acusado y apelante.

Núm. 14208.—*Sometido:* Enero 9, 1949. *Resuelto:* Enero 17, 1950.

*Santos P. Amadeo, Ángel Cruz Cruz, Práxedes Álvarez Leandry y Enrique B. Trujillo,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El artículo 185 del Código de Enjuiciamiento Criminal, ed. de 1935, disponía que el veredicto del jurado debería ser unánime. Esta disposición fué enmendada al efecto de que el veredicto podrá ser por acuerdo de no menos de ¾ partes de los miembros del jurado. Artículo 2, Ley núm. 11, Leyes de Puerto Rico, 1948, Sesiones Extraordinarias, pág. 215. El párrafo 8 del artículo 2 de la Carta Orgánica, 48 U.S.C., sec. 737, prescribe como sigue: ''No se aprobará ninguna ley 'ex post facto' ni ningún proyecto de ley para condenar sin formación de juicio.'' La cuestión aquí envuelta es si constituye una infracción de la cláusula *ex post facto* el que un jurado rinda un veredicto de culpabilidad por votación de

¾ partes de sus miembros en un caso en que el delito fué cometido con anterioridad a la aprobación de la Ley núm. 11.

El Fiscal radicó una acusación ante la corte de distrito imputándole al acusado la comisión de un delito de abuso de confianza (*felony*) en diciembre de 1947. La Ley núm. 11 fué aprobada el 19 de agosto de 1948. El caso fué visto ante jurado el 13 de septiembre de 1948. Las instrucciones del juez al jurado no hicieron mención de los votos necesarios para rendir un veredicto válido. Tampoco ninguna de las partes solicitó de la corte una instrucción en ese sentido. En consecuencia, al jurado no se le dijo si su veredicto debía ser unánime o si podría rendirlo por tres cuartas partes de sus miembros. Sin embargo, el jurado rindió un veredicto de culpabilidad con el voto de nueve jurados en la afirmativa y tres en contra. La corte de distrito aceptó el veredicto como autorizado por la Ley núm. 11 y sentenció al acusado a presidio de uno a cinco años.

■■ En apelación el único error señalado es que la aplicación de la Ley núm. 11 al presente caso infringe la cláusula de ex post facto. El Fiscal Auxiliar de este Tribunal admite, y convenimos con él, que cuando como aquí ocurre, la ley en vigor a la fecha de la comisión del delito exigía un veredicto unánime por un jurado de doce, un estatuto posterior como la Ley núm. 11 que permite la convicción por votación de tres cuartas partes, es ex post facto en tanto en cuanto se aplique a tal delito. La teoría es que el aplicar el estatuto posterior al delito anterior sería alterarle la situación al acusado en su perjuicio. *State* v. *Ardoin,* 24 So. 802 (La., 1899); *Thompson* v. *Utah,* 170 U.S. 343; Rottschaefer *on Constitutional Law,* págs. 767, 776; 2 Willowghby *on The Constitution of the United States,* pág. 1135.[1]

No obstante el Fiscal Auxiliar alega que el acusado renunció a este derecho constitucional. No estamos seguros en manera alguna de que la conducta del acusado constituyó una renuncia como cuestión de hecho. Pero aun cuando su-

[1]*Cf. Ex parte Castro,* 69 D.P.R. 988; *Vázquez* v. *Rivera,* 70 D.P.R. 218.

pongamos que lo renunció, la Corte Suprema ha resuelto, según admite también el Fiscal Auxiliar, que el derecho a la misma votación del jurado exigida cuando se cometió el delito es un derecho constitucional bajo la cláusula de ex post facto que no puede renunciarse. *Thompson* v. *Utah,* supra, pág. 353–4. Esto parece un tanto inconsistente con la proposición familiar de que otros derechos constitucionales similares pueden ser renunciados. Pero el caso de *Thompson* es claro sobre esta cuestión y por consiguiente estamos obligados a seguirlo.([2])

*La sentencia de la corte de distrito será revocada y se devolverá el caso para un nuevo juicio.*

---

([2]) En el caso de *Thompson* la ley anterior proveía un veredicto unánime por un jurado de doce miembros; el estatuto posterior disponía un veredicto unánime por un jurado de ocho. Pero es de aplicación el mismo principio cuando, como ocurre en este caso, la enmienda es de un veredicto unánime a uno por tres cuartas partes.