El Juez Presidente Señor Andréu García se inhibió.

EL PUEBLO DE PUERTO RICO en interés del menor F.R.F.

*Número:* CE-88-443 *Resuelto:* 22 de abril de 1993

*Ada López Santiago*, de *Pro-Brono, Inc., Servicios Voluntarios del Colegio de Abogados de Puerto Rico*, abogada del peticionario; *Norma Cotti Cruz, Subprocuradora General*, e *Yvonne Casanova Pelosi, Procuradora General Auxiliar*, abogadas de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Por hechos *alegadamente ocurridos* el día *9 de febrero de 1986*, en los cuales perdió la vida un ser humano, se presentaron unas "quejas" contra el menor F.R.F. por las "faltas" de asesinato, robo e infracción a los Arts. 6 y 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 416 y 418. Celebrada la correspondiente vista, al amparo de las disposiciones de la Regla 2.8 de las Reglas de Procedimiento para Asuntos de Menores de 1986 (34 L.P.R.A. Ap. I-A), el tribunal ordenó *la citación* del menor para la vista de determinación de causa probable para radicar querella estatuida por la Regla 2.10 de dicho cuerpo de reglas, 34 L.P.R.A. Ap. I-A. Procede señalar que, para la fecha de la alegada ocurrencia de los hechos, el menor F.R.F. contaba con quince (15) años de edad.[1]

La referida determinación de causa probable, *se llevó a efecto en ausencia del menor F.R.F.*; ello por razón de que

---

[1] Según información suministrada por el Registro Demográfico, el menor F.R.F. nació el 27 de enero de 1971.

éste, no obstante haber sido puesto bajo la custodia de sus padres en relación con otras querellas anteriormente radicadas contra él, había "abandonado" la residencia de sus progenitores y no había podido ser localizado.

En consecuencia, el menor *nunca* fue citado para la vista de determinación de causa probable para radicación de querella, que es regulada por las disposiciones de la referida Regla 2.10 de 1986.([2]) Dicha vista fue originalmente señalada para el día 6 de diciembre de 1987. Desconociéndose todavía el paradero del menor F.R.F., la vista fue suspendida por ausencia del referido menor. En dicho día, el tribunal apercibió a los padres del menor de que debían comparecer asistidos de abogado. La referida vista fue suspendida en varias ocasiones debido a la continuada incomparecencia del menor F.R.F.

No obstante el hecho de que el menor nunca pudo ser localizado, citado ni aprehendido, el tribunal resolvió celebrar la vista dispuesta por la citada Regla 2.10 *el día 21 de enero de 1988*; ello en presencia de los padres del menor en controversia. Adujo el tribunal, en apoyo de su actuación, las disposiciones de la Regla 2.14 de las Reglas de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A.([3]) En esa ocasión, el tribunal de instancia advirtió a los padres del menor del derecho de su hijo a tener asistencia de abogado. Luego de esta advertencia, la madre del menor "renunció" al derecho de su hijo a tener representación legal. El Procurador de Menores presentó la prueba y, a

---

([2]) La vista de determinación de causa probable para radicar la querella *es equivalente* a la vista preliminar en los casos de adultos. Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II; *Pueblo en interés menor R.G.G.*, 123 D.P.R. 443 (1989); D. Nevares–Muñiz, *Derecho de Menores*, Hato Rey, Ed. Inst. Desarrollo del Derecho, 1987, pág. 56.

([3]) *"Regla 2.14. Determinación de causa probable en ausencia*

"Cuando se presente ante el juez prueba de que se hicieron gestiones razonables para lograr la comparecencia del menor y de sus padres o encargados a la vista de determinación de causa probable y que ello no fue posible, el juez, oída la prueba, podrá determinar causa probable en ausencia y procederá a expedir una orden de detención. En tal caso, el juez consignará en los autos los fundamentos que existen para determinar causa probable en ausencia." 34 L.P.R.A. Ap. I-A.

base de ésta, el tribunal encontró causa probable para radicar querella contra el menor F.R.F. por las faltas de asesinato, robo y por infracciones a los Arts. 6 y 8 de la Ley de Armas de Puerto Rico, ante, ordenándose la detención del menor. El Procurador de Menores procedió, entonces, a radicar las correspondientes querellas contra el menor F.R.F. ante la Sala de Asuntos de Menores de San Juan del Tribunal Superior de Puerto Rico.[4]

Así las cosas, el Procurador de Menores solicitó del referido tribunal que renunciara a su jurisdicción sobre el menor F.R.F., conforme establece la Ley de Menores de 1986,[5] en relación con las querellas relativas a los hechos ocurridos el 9 de febrero de 1986. En la solicitud que a esos efectos radicara, alegó el Procurador que el menor F.R.F. constituía una amenaza para su propio bienestar y/o el de la comunidad.

Estando pendiente de celebrarse la vista sobre renuncia de jurisdicción en relación con las querellas antes mencionadas, se presentaron unas *nuevas* quejas por infracción a los Arts. 6 y 8 de la Ley de Armas de Puerto Rico, ante, contra el referido menor en relación con hechos *supuestamente cometidos* por éste el día *28 de octubre de 1987*; esto es, ya siendo el menor F.R.F. *mayor* de dieciséis (16) años de edad. Se determinó, *en su ausencia*, causa probable y se ordenó nuevamente la citación del menor, señalándose la "vista preliminar" que establece la citada Regla 2.10 de las Reglas de Procedimiento para Asuntos de Menores, ante. El menor, quien no había sido citado para la misma, no compareció. En la referida vista el menor estuvo, sin embargo, representado por abogado. Nuevamente, el tribunal determinó que existía causa probable para radicar querella, lo cual hizo el Procurador de Menores ante la referida

---

[4] Querellas Núms. J-88-17 (asesinato); J-88-18 (robo); J-88-19 (Art. 8); y J-88-20 (Art. 6).

[5] Ley Núm. 88 de 9 de julio de 1986, según enmendada, 34 L.P.R.A. sec. 2201 *et seq*.

Sala de Asuntos de Menores de San Juan del Tribunal Superior de Puerto Rico.([6])

En la vista señalada sobre renuncia de jurisdicción, el tribunal de instancia hizo constar que consideraría la solicitud a esos efectos radicada por el Procurador de Menores en relación con *todas* las querellas pendientes; esto es, *tanto* en cuanto a los hechos de 9 de febrero de 1986 *como* en relación con los hechos ocurridos el 28 de octubre de 1987. En dicha ocasión, la representación legal del menor planteó que en la primera vista para la determinación de causa probable para radicar querella —celebrada la misma el 21 de enero de 1988 sobre los hechos alegadamente ocurridos el 9 de febrero de 1986— se había incurrido en varios errores y/o violaciones al debido proceso de ley,([7]) y que el tribunal carecía de facultad para renunciar su jurisdicción sobre el menor en relación con las querellas sobre asesinato, robo e infracción a la Ley de Armas de Puerto Rico, esto es, las faltas alegadamente cometidas cuando el menor contaba *con menos* de dieciséis (16) años. El foro de instancia, mediante resolución a esos efectos, declaró *sin* lugar los referidos planteamientos.

Inconforme, la representación legal del menor F.R.F. recurrió ante este Tribunal —vía *certiorari*— alegando que:

### PRIMER ERROR

La vista de determinación de causa [para la radicación de la querella] celebrada el 21 de enero de 1988, está viciada de nulidad, ya que la Ley vigente al momento de los hechos, Ley 97 del 23 de junio de 1955, no disponía para la celebración de la misma en ausencia tal como se celebró.

---

([6]) Querellas Núms. J-88-72 (Art. 8) y J-88-73 (Art. 6).

([7]) En específico, se alegó que

"se violó el debido proceso de ley al no proveérsele asistencia de abogado; no se hicieron las diligencias razonables para localizar al menor; tampoco se consignaron en autos dichas diligencias; se aceptó la renuncia de derechos fundamentales constitucionales y dispuestos por ley sin hacer constar las advertencias y si la madre del menor las entendió y si ésta podría tener algún conflicto con relación a los mejores intereses de su hijo." Petición de *certiorari*, pág. 2.

La vista de determinación de causa probable en ausencia según celebrada no satisfizo los requisitos del debido proceso de ley al no nombrarle al menor un abogado [y autorizarle a la madre del menor a que renunciara a un derecho de éste]; al no asignarle un defensor judicial, ya que existía conflicto de intereses entre el menor y su señora madre; al no consignarse en autos los fundamentos para la celebración de una vista de determinación de causa probable en ausencia; al no justificarse las diligencias razonables para la localización del menor y al no corroborarse que la renuncia por parte de la madre a derechos fundamentales fuese con pleno conocimiento de las consecuencias de dicha renuncia.

### SEGUNDO ERROR

El Tribunal Superior, Asunto de Menores, Sala de San Juan, no tiene autoridad para entender en la Renuncia de Jurisdicción del caso de epígrafe por razón de que no ha mediado una Vista de Determinación de Causa conforme a derecho.

En atención a la edad del menor a la fecha de los hechos imputados, el Tribunal carece de autoridad para entender en la renuncia de jurisdicción, ya que de así hacerlo, violaría la cláusula de prohibición de leyes ex post facto y la disposición expresa de la propia Ley de Menores. Petición de *certiorari*, pág. 3.

Expedimos el auto de *certiorari*. Estando en condiciones de resolver el recurso radicado, procedemos a así hacerlo.

### I

El recurso plantea, básicamente, *dos (2) interrogantes*. La *primera* de ellas, traída ante nuestra atención mediante el segundo señalamiento de error, relativa a la autoridad en ley del tribunal de instancia para renunciar a la jurisdicción que sobre el menor F.R.F. le concede nuestro ordenamiento. Acometemos la solución de esta interrogante manteniendo presente que se pretende que el tribunal de instancia renuncie su jurisdicción *tanto* sobre los hechos alegadamente cometidos por el menor F.R.F. el día 9 de febrero de 1986, cuando contaba con quince (15) años de edad, *como* sobre los supuestamente cometidos por éste

el día 28 de octubre de 1987, cuando ya era mayor de dieciséis (16) años.[8]

Reiteradamente hemos resuelto "que el poder o autoridad del tribunal sobre un menor *depende de la fecha en que se cometió la falta* y no de aquella en que comenzó el proceso o en que dicha corte adquirió jurisdicción sobre el niño delincuente". (Énfasis suplido.) *Pueblo v. Andújar*, 80 D.P.R. 822, 826 (1958). Véanse: *Irizarry v. Tribunal de Distrito*, 72 D.P.R. 189 (1951); *Pueblo ex rel. L.V.C.*, 110 D.P.R. 114 (1980). En este último citado caso, específicamente resolvimos que si la conducta antisocial o "delictiva" imputada se comete cuando el imputado —"el niño"— era menor de dieciocho (18) años de edad, era la entonces vigente ley de menores —Ley Núm. 97 de 23 de junio de 1955 (34 L.P.R.A. secs. 2001–2015)— la que regía los procedimientos en el caso. *Pueblo ex rel. L.V.C.*, ante, pág. 120.

A la fecha en que el menor F.R.F. alegadamente comete las faltas de asesinato, robo e infracciones a los Arts. 6 y 8 de la Ley de Armas de Puerto Rico, ante —esto es, el 9 de febrero de 1986— *estaba vigente* la citada Ley de Menores de 1955, la cual *establecía*:

> Cuando se impute a una persona *mayor de 16 años de edad y menor de 18 años* de edad la infracción de una ley estatal, el juez, después de investigar el caso y concluir que entender en dicho asunto bajo las disposiciones de las secs. 2001 a 2015 de este título sería contrario al bienestar del menor o de la comunidad, *podrá renunciar la jurisdicción del tribunal y darle traslado para que se tramite el caso como si se tratara de un adulto*, ante la Sala correspondiente del Tribunal de Primera Instancia. Ninguna resolución u orden dictada por el tribunal, o evidencia aducida en contra del menor ante este tribunal, podrá ser ofrecida ni admitida como medio de prueba en ningún otro caso civil o criminal, o en cualquier otro procedimiento judicial establecido con cualquier fin contra dicho menor. (Énfasis suplido.) 34 L.P.R.A. sec. 2004.

---

[8] El foro de instancia, mediante Resolución de 17 de marzo de 1988, *expresamente* hizo constar que entendía que tenía facultad para renunciar su jurisdicción sobre *todas* las querellas pendientes contra el menor F.R.F.

A la luz de las transcritas disposiciones, resulta obvio que, *en relación a los hechos alegadamente ocurridos el 9 de febrero de 1986*, el tribunal de instancia *no puede* renunciar a su jurisdicción sobre el menor F.R.F. ya que la ley entonces vigente, Ley de Menores de 1955, *no* permitía la renuncia de jurisdicción en relación con menores de quince (15) años de edad.

No hay duda que la nueva Ley de Menores de 1986, Ley Núm. 88 de 9 de junio de 1986, ante, establece —en su Art. 15 (34 L.P.R.A. sec. 2215)— que:

> El Tribunal, a solicitud del Procurador, podrá renunciar la jurisdicción sobre un menor que sea mayor de *catorce (14) años y menor de dieciocho (18)*, a quien se le impute la comisión de cualquier falta *clase II ó III*. El Procurador deberá efectuar dicha solicitud mediante moción fundamentada cuando considere que entender en el caso bajo las disposiciones de este Capítulo no responderá a los mejores intereses del menor y de la comunidad. ... (Énfasis suplido.)

Si aplicáramos la Ley de Menores de 1986 a los hechos ocurridos el 9 de febrero de 1986, ello equivaldría a la aplicación *ex post facto* de una ley en detrimento del menor, habida cuenta que se le estaría juzgando bajo términos y condiciones más onerosos que los impuestos por la ley vigente a la fecha en que alegadamente se perpetraron los hechos, lo cual es constitucionalmente impermisible. Art. II, Sec. 12, Const. E.L.A., L.P.R.A., Tomo 1.[9] A esos

---

[9] La prohibición de aprobar leyes *ex post facto* surge de la Sec. 12 de la Carta de Derechos de la Constitución de Puerto Rico. Ésta lee:

"No se aprobarán leyes *ex post facto* ni proyectos para condenar sin celebración de juicio." Art. II, Sec. 12, Const. E.L.A., L.P.R.A., Tomo 1, ed.1982, pág. 323.

Cónsono con este precepto constitucional, la Regla 1.2 de las Reglas de Procedimientos para Asuntos de Menores de 1986 establece:

"Estas reglas regirán todos los procedimientos que se inicien a partir de la vigencia de la Ley Núm. 88 de 9 de julio de 1986, denominada "Ley de Menores de Puerto Rico" *incluyendo aquellas que estén pendientes a la fecha de la vigencia de estas reglas siempre que su aplicación no perjudique derechos sustantivos ...."* (Énfasis suplido.) 34 L.P.R.A. Ap. I-A.

A través de los años, se ha entendido que la esencia de la protección contra leyes *ex post facto* se refiere a la ley penal sustantiva: delito, pena y medidas de seguridad. E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y de Estados Unidos,*

efectos, resulta relevante, pertinente y concluyente la decisión que emitiéramos en *Pueblo v. Andújar*, ante. En dicho caso nos enfrentamos a la disyuntiva de que la Ley de Menores de 1915 *no* permitía la renuncia de jurisdicción por parte del Tribunal de Menores, mientras que la Ley de 1955 *sí* contenía disposiciones a esos efectos. Al rechazar la contención de que el tribunal podía renunciar a la jurisdicción sobre el menor allí en controversia en relación con unos hechos cometidos vigente la Ley de 1915, expresamos que el imputado "no podía ser procesado bajo términos y condiciones más onerosos que los impuestos por la ley vigente a la fecha en que se prepetraron los hechos imputados en la acusación". *Pueblo v. Andújar*, ante, pág. 824.

Distinta conclusión, sin embargo, se impone con respecto a los hechos acaecidos el 28 de octubre de 1987, a saber: infracción a los Arts. 6 y 8 de la Ley de Armas de Puerto Rico, ante.([10]) Para esta fecha ya había entrado en

---

Bogotá, Ed. Forum, 1992, Vol. II, pág. 549. También se ha entendido como *"ex post facto" aquella ley procesal* que afecta derechos sustantivos del acusado. *Pueblo v. López*, 70 D.P.R. 790 (1950), citando a *Thompson v. Utah*, 170 U.S. 343 (1898). En *Collins v. Youngblood*, 110 S.Ct. 2715, 497 U.S. 37 (1990), el Tribunal Supremo federal *aclaró* que la protección contra leyes *ex post facto sólo* aplica a derechos sustantivos y no a leyes procesales. Según la doctrina ahí expresada, aplicará la prohibición de las leyes *"ex post facto"* sólo cuando

 1) se castigue como delito una acción que no constituya delito en el momento de su comisión;

 2) se aumente la pena o las consecuencias penales de un acto con posterioridad a su comisión;

 3) se elimine una defensa de un acusado, que estaba disponible en el momento de la comisión de la conducta delictiva imputada.

 El caso *Thompson v. Utah*, ante, fue revocado por el caso *Collins v. Youngblood*, ante. Chiesa Aponte, *op. cit.*, pág. 554.

 Una ley resulta ser *ex post facto* en su aplicación a un imputado de delito cuando: (1) considera delictivo y castiga un acto que al ser realizado no era punible; (2) si agrava un delito y lo hace mayor de lo que era al momento de ser cometido; (3) altera las normas de evidencia y exige más prueba o prueba distinta a la exigida por la ley vigente a la fecha de la comisión del delito, y (4) *en relación con el delito o sus consecuencias, altera la situación del acusado en forma desfavorable para él.* Pueblo v. Álvarez Torres, 127 D.P.R. 830 (1991); *Pueblo v. Pérez Méndez*, 83 D.P.R. 539 (1961); *Fernández v. Rivera, Jefe del presidio*, 70 D.P.R. 900 (1950).

 ([10]) Según la aplicación del Art. 3 de la Ley de Menores de 1986 (34 L.P.R.A. sec. 2203), el Art. 6 de la Ley de Armas, 25 L.P.R.A. sec. 416, es una falta tipo I, y *el Art. 8 de dicha ley es una falta tipo II*, por ser este último un delito grave. 25 L.P.R.A. sec. 418.

vigor la Ley de Menores de 1986. En esta ocasión, el menor había cumplido dieciséis (16) años de edad y se le imputaba la comisión de una falta tipo I y tipo II.([11]) Esta ley de 1986, como expresáramos anteriormente, permite la solicitud por parte del Procurador de Menores de la renuncia de jurisdicción por una falta tipo II, cometida por un menor entre las edades de catorce (14) a dieciséis (16) años.

## II

Resuelta la primera, nos enfrentamos a la *segunda* de las interrogantes ante nuestra consideración. Aun cuando por distintos fundamentos, entendemos que le asiste la razón a la representación legal del menor F.R.F. en su planteamiento de que la vista celebrada el 21 de enero de 1988, en la cual se determinó causa probable para radicar querella respecto a los hechos acaecidos el 9 de febrero de 1986, es una viciada de nulidad.([12])

Somos del criterio que *ambas determinaciones de causa probable para radicar querella* —esto es, la referente a los hechos de 9 de febrero de 1986 como la relativa a los he-

---

([11]) Conforme al Art. 3 de la vigente Ley de Menores, ante, falta clase I es toda conducta que incurrida por un adulto constituiría delito menos grave; falta clase II es la conducta que incurrida por un adulto constituiría delito grave, excepto las incluidas en la falta clase III, y una falta clase III es aquella conducta que incurrida por un adulto constituiría delito grave, específicamente cualesquiera de las siguientes: asesinato cometido por un menor que no haya cumplido catorce (14) años de edad, homicidio, agresión agravada en su modalidad grave, violación, robo, distribución de sustancias controladas, incendio agravado, restricción ilegal de la libertad, secuestro, mutilación, incesto, sodomía, robo de menores, estragos, escalamiento y apropiación ilegal en la modalidad de hurto de vehículos. 34 L.P.R.A. sec. 2215.

([12]) Como expusiéramos anteriormente, la representación legal del menor F.R.F. sostiene que dicha vista es nula debido a que:

"La vista de determinación de causa probable en ausencia según celebrada no satisfizo los requisitos del debido proceso de ley al no nombrarle al menor un abogado [y autorizarle a la madre del menor a que renunciara a un derecho de éste]; al no asignarle un defensor judicial, ya que existía conflicto de intereses entre el menor y su señora madre; al no consignarse en autos los fundamentos para la celebración de una vista de determinación de causa probable en ausencia; al no justificarse las diligencias razonables para la localización del menor y al no corroborarse que la renuncia por parte de la madre a derechos fundamentales fuese con pleno conocimiento de las consecuencias de dicha renuncia." Petición de *certiorari*, pág. 3.

chos ocurridos el 28 de octubre de 1987— *son nulas*. Ello, llana y sencillamente, por razón de que el menor F.R.F. *nunca* fue citado para la celebración de las mismas, lo cual constituye una *crasa* violación al debido procedimiento de ley.

Reiteradamente hemos expresado que, no obstante el hecho de que los procedimientos de menores gozan de una naturaleza *sui generis*, por lo que los mismos no constituyen propiamente causas criminales, el menor al que se le imputa conducta constitutiva de delito *puede reclamar* aquellas garantías constitucionales *que le aseguren un trato justo y un debido procedimiento de ley*. Véase *Pueblo en interés menor R.G.G.*, ante; *Pueblo en interés menores A.L.R.G. y F.R.G.*, 132 D.P.R. 990 (1993). Hemos resuelto, adicionalmente, que el *ejercicio de un derecho* por parte de un menor presupone, o parte de la premisa, de que éste *ha sido informado del mismo* de manera previa, adecuada y oportuna. *Pueblo ex rel. J.L.D.R.*, 114 D.P.R. 497 (1983).

Dichos principios *permean* la vigente Ley de Menores de 1986. La misma exige que al menor se le *notifique* de las quejas o querellas que pesan en su contra, ya sea cuando se le aprehende (arreste) o se le cita. El funcionario que efectúa la aprehensión tiene el deber de conducir al menor, sin demora, ante un juez, quien le *informará* a éste y a sus padres sobre la queja presentada, su derecho a permanecer en silencio, su derecho de abogado y le *advertirá* sobre la renuncia de jurisdicción en su ausencia. El juez *lo deberá citar* para que comparezca a la vista de determinación de causa probable para la radicación de la querella que regula la Regla 2.10 de 1986, ante. Véase: Regla 2.9(a), (b) y (c) de las Reglas de Procedimiento de Menores de 1986 (34 L.P.R.A. Ap. I-A).

Si la comparecencia del menor se requiere por citación, ésta *deberá ser por escrito* y la misma *deberá ser*

*firmada* por el menor y sus padres, Regla 2.8(c) de Menores de 1986 (34 L.P.R.A. Ap. I-A). Conforme a la antes mencionada disposición reglamentaria, la citación "requerirá que el menor comparezca ante el tribunal acompañado de sus padres o encargados con expresión del día, hora, sitio, e informará al menor que, de no comparecer se expedirá una orden de detención provisional y que, de no poder ser localizado, se podrá determinar causa probable en ausencia ...". Regla 2.8(c) de 1986, ante. Ambos métodos de notificación al menor requieren que *se le informe* sobre sus derechos y las consecuencias de su incomparecencia en etapas posteriores del proceso.

 Somos del criterio que una adecuada notificación a todas las vistas debe ser dada a los menores y a sus padres o guardianes como parte del debido proceso de ley. El derecho a notificación cumple con el propósito de informar al menor y a sus padres o encargados de la falta que se le imputa al menor, con suficiente antelación para la preparación adecuada de su caso. S. Davis, *Right of Juveniles*, 2da ed., Nueva York, Ed. Clark Boardman Co., 1980, pág. 30. La Regla 12.4 de Menores de 1986 (34 L.P.R.A. Ap. I-A) exige que la citación a los menores y a sus padres *se haga personalmente*.

El Art. 20 de la Ley de Menores de 1986 (34 L.P.R.A. sec. 2220), de igual manera, dispone que "[n]o se ordenará la detención de un menor antes de la vista adjudicativa a menos que ... 6) *habiéndose citado* al menor para la vista de determinación de causa probable [para la radicación de la querella], él no comparezca y se determine causa probable en su ausencia". (Énfasis suplido.)

 La *citación* para la vista de determinación de causa probable para radicar querella, Regla 2.10 de 1986, ante, se debe entender *como parte intrínseca del debido proceso de ley*, esto es, a tener conocimiento de los procesos que son conducidos en su contra. En el procedimiento objeto del *certiorari* ante nos, la ausencia del menor *no* ha

permitido que al menor se le cite y, por consiguiente, éste *desconoce* totalmente de los procesos que se han llevado a cabo en su contra. Contra éste hay sólo una orden de detención. *Ello únicamente tiene el efecto de interrumpir el término prescriptivo de las faltas que cometió.* D. Nevares-Muñiz, *Derecho de Menores*, Hato Rey, Inst. Desarrollo del Derecho, 1987, pág. 50. En vista de lo expresado, somos del criterio que el Estado *no* puede continuar adelante con el proceso, en ausencia del menor, cuando éste desconoce de la existencia de las quejas en su contra.

A modo de analogía, en los procedimientos de adultos, hemos resuelto que en nuestro ordenamiento jurídico procesal penal la denuncia y eventual acusación tienen como propósito notificar a toda persona imputada de delito de la naturaleza y causa por la cual será procesado. Art. II, Sec. 11, Const. E.L.A., ante; Reglas 5, 34 y 35(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II; *Pueblo v. González Olivencia*, 116 D.P.R. 614, 617 (1985). Ello es así ya que el debido proceso de ley exige que el acusado esté adecuadamente informado de la naturaleza y extensión del delito imputádole para que pueda preparar adecuadamente su defensa. *Pueblo v. Meléndez Cartagena*, 106 D.P.R. 338 (1977).

La vista de determinación de causa probable para radicar la querella en el procedimiento de menores que regula la Regla 2.10 de 1986, ante, es una vista preadjudicativa, *equivalente a la vista preliminar en los casos de adulto.* Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Con relación a esta última, las Reglas de Procedimiento Criminal disponen que si el imputado "no comparece a ella, *luego de haber sido citad[o] debidamente*, el magistrado lo detendrá para que responda por la comisión de un delito ante la sala correspondiente del Tribunal Superior". (Énfasis suplido.) Regla 23(b), 34 L.P.R.A. Ap. II.

Esto significa que la incomparecencia voluntaria e injustificada del imputado a la vista preliminar, Regla 23 de

Procedimiento Criminal, ante, *después de haber sido debidamente citado*, no tiene meramente el efecto de autorizar la celebración de la vista preliminar en ausencia del acusado, sino el efecto mucho mayor de una determinación automática de causa probable para acusar; esto es, se prescinde de la vista preliminar y se señala el caso para juicio en su fondo. E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y de Estados Unidos*, Bogotá, Ed. Forum, Vol. II, 1992, págs. 267–268. Como se puede observar el único requisito para que dicho "mecanismo" entre en vigor es que el imputado *sea citado*. En *Pueblo v. Méndez Pérez*, 120 D.P.R. 137 (1987), al expresarnos sobre la ausencia de un imputado a la vista de determinación de causa probable en alzada, Regla 24(c) de Procedimiento Criminal, ante, expresamos que "la determinación de causa probable *sin notificación alguna ni oportunidad de oir al imputado contradice los principios más elementales de debido proceso*". (Énfasis suplido.) El apercibimiento de que se podrán continuar los procedimientos, en caso de ausencia, es esencial. *Pueblo v. López Rodríguez*, 118 D.P.R. 515 (1987).[13] Igual tratamiento o solución se impone en el caso de los menores de edad.

## III

Como señaláramos anteriormente, en el caso ante nuestra consideración *no* se citó al menor F.R.F. a ninguna de las vistas de determinación de causa probable para la radicación de querella. Éste *nunca* adquirió conocimiento de los procesos que se habría de llevar en su contra. No pode-

---

[13] En *Pueblo v. Colón Colón*, 105 D.P.R. 880, 886 (1977), expresamos que:

"Establecido el hecho de que un acusado *debidamente citado y apercibido de las consecuencias de su evasión*, desaparece sin explicación de la jurisdicción donde tiene juicio pendiente, su conducta debe tomarse como renuncia voluntaria a las garantías constitucionales provistas para quien se enfrenta en juicio a su acusador." (Énfasis suplido.)

mos catalogar su ausencia en éstos como una renuncia voluntaria a estar presente ya que éste *desconoce* la radicación de los cargos y de su derecho y obligación de estar presente durante la vista. *Cf. Pueblo v. Laurido Pérez*, 115 D.P.R. 798 (1984). Somos del criterio que no satisface el debido proceso de ley la "notificación" al menor de las quejas en su contra, a través de sus padres, cuando éstos en corte abierta han declarado que desde hace meses desconocen el paradero de su hijo.([14]) En consecuencia, erró el tribunal de menores al llevar a cabo las dos (2) vistas para la determinación de causa probable para radicar querella en ausencia del menor F.R.F. El menor F.R.F., luego de ser aprehendido, deberá ser citado para la celebración de las referidas vistas.([15])

Por los fundamentos antes expuestos, *procede dictar sentencia revocatoria de la resolución recurrida, devolviéndose los casos al tribunal de instancia para procedimientos ulteriores consistentes con lo aquí resuelto.*

El Juez Asociado Señor Fuster Berlingeri disintió sin una opinión escrita.

---

([14]) En *Pueblo ex rel. J.L.D.R.*, 114 D.P.R. 497, 505 (1983), expresamos que:

"... la cuestión primaria por resolver es si dentro del procedimiento observado en el caso en específico, a la luz de la totalidad de las circunstancias presentes, el *menor fue adecuadamente informado de los derechos que le asisten y de la falta que se le imputó, y si tuvo una razonable oportunidad de defenderse de la misma y de presentar su versión de los hechos*." (Énfasis suplido.)

([15]) Es a partir de ese momento que entrarán en vigor las garantías procesales que configuran el derecho a un juicio rápido.