Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JORGE L. MARÍN ROBLES<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | TA2025RA00139 | *Revisión*<br>Procedente de la Junta de Libertad Bajo Palabra<br><br>Caso núm.:<br>50335<br><br>Sobre:<br>No Jurisdicción -Ley Núm. 85-2024 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y el Juez Robles Adorno.[1]

Robles Adorno, Juez Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 1 de octubre de 2025.

El 9 de agosto de 2025, el señor Jorge L. Marín Robles (el señor Marín Robles o recurrente) presentó ante nos una *Petición de Revisión Administrativa* en la que solicitó que revoquemos la *Resolución* emitida el 10 de junio de 2025, notificada el 11 de junio de 2025, por la Junta de Libertad Bajo Palabra (JLBP o parte recurrida).[2]

En el aludido dictamen, la JLBP ordenó el cierre y archivo del caso, en virtud de que carecía de jurisdicción para concederle la libertad condicionada solicitada por el recurrente. La determinación de la JLBP fue fundamentada en que los delitos por los cuales el señor Miranda Robles está cumpliendo una sentencia están excluidos de la jurisdicción de la JLBP conforme el Art. 3 de la *Ley de la Junta de Libertad Bajo Palabra,* Ley Núm. 118 de 22 de julio de 1974 (Ley Núm. 118-1974), según enmendada, 4 LPRA sec. 1503.

---

[1] Véase OATA-2025-170 del 3 de septiembre de 2025 en la que se designa al Juez Robles Adorno en sustitución de la Juez Martínez Cordero.
[2] Apéndice de la Petición de Revisión Administrativa, Anejo XIII.

**I.**

El caso de autos tiene su origen cuando el 9 de febrero de 2023, el DCR presentó ante la JLBP un *Informe breve para referir casos de sentencia por delito grave y menos grave ante la Junta de Libertad Bajo Palabra* en la que refirió la información relacionada al recurrente para que fuese considerado para la Libertad Bajo Palabra, a tenor con la Ley Núm. 85 del 11 de octubre de 2022 (Ley Núm. 85-2022).[3] A esos fines, el DCR razonó que el recurrente podía beneficiarse del privilegio de libertad bajo palabra tras cumplir con los requisitos establecidos en la Ley Núm. 85-2022 para obtener dicho privilegio. En esa línea, el DCR informó que, desde el 27 de diciembre de 2000, debía comenzar el computo a ser considerado para que el recurrente disfrute el beneficio de libertad bajo palabra según la Ley Núm. 85-2022. Asimismo, notificó que, desde el 12 de noviembre de 1992, el recurrente comenzó a cumplir la sentencia impuesta por varios delitos en que fue encontrado culpable, entre ellos violación y secuestro, por hechos acontecidos el 7 de mayo de 1992.[4]

Así las cosas, el 13 de noviembre de 2023, la JLBP emitió una *Resolución* en la que sostuvo que, el recurrente fue citado para la vista de consideración, la cual fue celebrada el 3 de noviembre de 2023, pero este no compareció.[5] Por ende, pospuso la celebración de la vista.

El 21 de diciembre de 2023, recibida por la JLBP el 22 de diciembre de 2024, el DCR emitió un *Informe de Ajuste y Progreso a la Junta de Libertad Bajo Palabra* en el que notificó que hubo un cambio de dirección física en el plan de salida del señor Marín Robles.[6]

---

[3] *Íd.*, Anejo V.
[4] *Íd.*, Anejo II.
[5] *Íd.*, Anejo VIII.
[6] *Íd.*, Anejo IX.

El 2 de septiembre de 2024, notificada el 12 de septiembre de 2024, la JLBP emitió una *Resolución interlocutoria* en la que le requirió al DCR una *Certificación de Delito Excluyente* a tenor con la Ley Núm. 85 del 28 de mayo de 2024 (Ley Núm. 85-2024), que indique cuando el recurrente cumpliría las sentencias impuestas.[7] Asimismo, le rogó al DCR que le remitiera las sentencias de los delitos en los que el señor Marín Robles fue encontrado culpable. Con ello, le concedió un término de sesenta (60) días a partir de la notificación de la *Resolución Interlocutoria* para presentar ante la JLBP la información solicitada. Así pues, indicó que, una vez obtenida la información solicitada volvería a considerar el caso.

El 7 noviembre de 2024, el DCR instó ante la JLBP una *Hoja de control sobre liquidación de sentencias* en la que le informó el año en que cumpliría las sentencias por los delitos en los que fue declarado culpable.[8]

El 18 de diciembre de 2024, notificada el 8 de enero de 2025, la JLBP emitió una *Resolución Interlocutoria* en la que sostuvo que, el recurrente estaba cumpliendo una sentencia de trescientos treinta y nueve (339) años.[9] Sin embargo, citó la Ley Núm. 85-2024 a los efectos de que el mencionado estatuto priva de jurisdicción a la JLBP cuando una persona es convicta por los delitos de secuestro y violación, delitos en que el recurrente fue encontrado culpable. Cónsono con lo anterior, la parte recurrida sostuvo que, en aras de corroborar su jurisdicción le peticionó al DCR que le proveyese una *Certificación de cumplimiento o fecha de cumplimiento de los delitos excluidos (secuestro y violación) por la Ley Núm. 85-2024, Copia de las sentencias y la Hoja de Re-Liquidación de sentencia actualizada.* A esos fines, le concedió al DCR un término de noventa (90) días para que sometiera la documentación solicitada. Asimismo, indicó

---

[7] *Íd.*, Anejo X.
[8] *Íd.*, Anejo XI.
[9] *Íd.*, Anejo XII.

que, una vez recibida la información volvería a considerar la solicitud del recurrente.

El 23 de mayo de 2025, notificada el 18 de junio de 2025, la JLBP emitió una *Resolución* en la que resolvió que carecía de jurisdicción para atender la solicitud del señor Marín Robles.[10] Cónsono con lo anterior, determinó que, la Sección 3 de la Ley Núm. 85-2024, no la facultó en conceder dicho privilegio a una persona encontrada culpable por los delitos de violación y secuestro. Al respecto, debido a que el señor Marín Robles fue sentenciado por los delitos de violación y secuestro, este no puede gozar del privilegio de libertad bajo palabra. Consecuentemente, la parte recurrida ordenó el cierre y archivo del caso.

El 30 de junio de 2025, el recurrente instó una *Moción de reconsideración de concesión de libertad bajo palabra* en la que argumentó que la aplicación de la Ley Núm. 85-2024, fue aplicada de manera retroactiva y, por tanto, aplicó una ley *ex post facto* tras negarle al recurrente el privilegio de libertad bajo palabra.[11] Alegó que, conforme al principio de legalidad y la aplicación de leyes *ex post facto* la JLBP estaba impedida de coartar al recurrente del derecho de libertad bajo palabra. Por tanto, solicitó que la JLBP vuelva a atender el caso del señor Marín Robles.

El 9 de julio de 2025, notificada el 10 de julio de 2025, la parte recurrida emitió una Resolución y Orden en la que declaró No Ha Lugar la *Moción de reconsideración de concesión de libertad bajo palabra.*[12]

Inconforme con el dictamen, el 9 de agosto de 2025, el señor Marín Robles presentó ante nos un recurso de *Revisión Administrativa* en la que formuló el siguiente señalamiento de error:

---

[10] *Íd.*, Anejo XIII.
[11] *Íd.*, Anejo XIV.
[12] *Íd.*, Anejo XIV.

> Erró la Junta de Libertad Bajo Palabra al declararse sin jurisdicción para considerar al señor Marín Robles tras aplicar, de forma retroactiva, la Ley [Núm.] 85 de 2024 a las sentencias impuestas por los delitos de secuestro y violación. Esto anterior, cuando ello resulta en una clara violación constitucional contra la aplicación de leyes *ex post facto*, el debido proceso de ley y el derecho a la rehabilitación del recurrente.

En atención a nuestra *Resolución* y la concesión de una prórroga, el 15 de septiembre de 2025, la JLBP presentó un *Escrito en cumplimiento de resolución.*

Con el beneficio de la comparecencia de las partes, procederemos a resolver el caso de epígrafe.

## II.

### A.

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante entre las partes. *MCS Advantage, Inc. V. Fossas Blanco*, 211 DPR 135, 144 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385–386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Los tribunales estamos impedidos de atender controversias en las que carezcamos de jurisdicción sobre la materia. *MCS Advantage, Inc. V. Fossas Blanco, supra*, pág. 144-145. La jurisdicción sobre la materia ha sido definida como "la capacidad del Tribunal para atender y resolver una controversia sobre un aspecto legal". *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la tienen. *SLG Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Morán v. Martí*, 165 D.P.R. 356 (2005). Los asuntos relacionados a la jurisdicción son privilegiados y deben resolverse con preferencia a cualquiera otro asunto. *SLG Szendrey Ramos v. F. Castillo*, supra pág. 882. Los tribunales deben examinar su propia

jurisdicción, así como del foro de donde procede el recurso ante su consideración. *SLG Szendrey Ramos v. F. Castillo*, supra pág. 883.

**B.**

El Art. II, Sec. 12, Const ELA [Const P.R], LPRA, Tomo1 prohíbe la aplicación de leyes *ex post facto*. *González Fuentes v. ELA*, 167 DPR 400, 408 (2006); *Pueblo v. Ferrer Maldonado*, 201 DPR 974 (2019). La cláusula constitucional contra leyes *ex post facto* garantiza que los estatutos provean al ciudadano una notificación adecuada de la conducta prohibida y las consecuencias penales que tendría dicha conducta. *González Fuentes v. ELA*, *supra*, pág. 408. Esta cláusula constitucional asegura que el Estado no utilice el poder coercitivo de forma arbitraria o vengativa. *Íd*. La protección contra las leyes *ex post facto* se activa cuando se pretende aplicar una ley penal de manera retroactiva. *Íd*. Existen cuatro estatutos que son considerados *ex post facto* los cuales son los siguientes: (1) aquellas leyes que criminalizan y castigan un acto que, al ser realizado, no era delito; (2) las que agravan un delito o lo hacen mayor de lo que era al momento de ser cometido; (3) las que alteran el castigo imponiendo una pena mayor que la fijada para el delito al momento de ser cometido, y (4) las que alteran las reglas de evidencia, exigiendo menos prueba que la requerida por la ley al momento de la comisión del delito para castigar al acusado o reducir el quantum de evidencia necesario para encontrarlo culpable. *Pueblo v. Ferrer Maldonado*, 201 DPR 974, 990 (2019); *González v. ELA*, *supra*, pág. 408. Véase, además: *Pueblo en interés menor F.R.F.*, 133 DPR 172 (1993); *Fernández v. Rivera, Jefe del Presidio*, 70 DPR 900 (1949).

En el caso de *González Fuentes v. ELA, supra,* pág. 409, el Tribunal Supremo expresó que, "al determinar si una ley penal es más onerosa que la vigente al momento de la comisión de los hechos es necesario examinar si, en comparación con el viejo estatuto, la

nueva ley tiene el efecto de alargar el término de reclusión que habría de ser cumplido por el sujeto". Además, la protección de leyes *ex post facto* solo se activa cuando se pretende aplicar una ley penal de manera retroactiva. *Pueblo v. Ferrer Maldonado, supra,* pág. 991. La protección de las leyes *ex post facto* veda la aplicación retroactiva de actos de naturaleza legislativa. *González Fuentes v. ELA, supra,* pág. 410. Es decir, la protección contra leyes *ex post facto* solo se extiende a las leyes y reglamentos aprobados por la Asamblea Legislativa. *González Fuentes v. ELA, supra,* pág. 416.

Ahora bien, aplicar una ley retroactiva que excluye el disfrute del privilegio de libertad bajo palabra no es perjudicial en comparación con la normativa vigente al momento de los hechos cuando el convicto cometió el delito. *González Fuentes v. ELA, supra,* pág. 416.

## c.

En nuestro ordenamiento jurídico rige el postulado de que la ley vigente es la que aplica al tiempo de cometerse los hechos delictivos. *Pueblo v. DiCristina Rexach,* 204 DPR 779, 786 (2020); *Pueblo v. González,* 165 DPR 675, 684 (2005); *Pueblo v. Rexach Benítez,* 130 DPR 273, 301 (1992). El Art. 4 del Código Penal de 2012, 33 LPRA sec. 5004, establece que:

> La ley penal aplicable es la vigente al momento de la comisión de los hechos. La ley penal tiene efecto retroactivo en lo que favorezca a la persona imputada de delito. En consecuencia, se aplican las siguientes normas: (a) Si la ley vigente al tiempo de cometerse el delito es distinta de la que exista al procesar al imputado o al imponerle la sentencia, se aplicará siempre la ley más benigna. (b) Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley más benigna en cuanto a la pena o al modo de ejecutarla, se aplicará retroactivamente. (c) Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley que suprime el delito, o el Tribunal Supremo emite una decisión que despenalice el hecho, la pena quedará extinguida y la persona liberada, de estar recluida o en restricción de libertad. En estos casos los efectos de la nueva ley o de la decisión judicial operarán de pleno derecho.

El principio de favorabilidad evita la aplicación arbitraria e irracional de una ley penal en virtud de que "el principio republicano

de gobierno exige la racionalidad de la acción del estado y ésta es afectada cuando, por la mera circunstancia de que un individuo haya cometido el mismo hecho con anterioridad a otro, se le trate más rigurosamente". *Pueblo v. DiCristina Rexach, supra*, pág. 786, citando a: L.E. Chiesa Aponte, Derecho penal sustantivo, 2da ed., San Juan, Pubs. JTS, 2013, pág. 59. A diferencia de la protección contra la aplicación de leyes *ex post facto*, el principio de favorabilidad es de carácter estatutario. *Pueblo v. DiCristina Rexach, supra*, pág. 786; *Pueblo v. González, supra*. La aplicación retroactiva de leyes que beneficien al acusado o acusada es una prerrogativa que recae ante el legislador. *Pueblo v. DiCristina Rexach, supra*, pág. 786. El legislador tiene la facultad de establecer excepciones y ordenar la aplicación prospectiva de la ley vigente al momento de la comisión de los hechos punibles, aunque sea menos favorable para la persona acusada que la ley vigente al momento de la condena. *Pueblo v. González, supra*, pág. 686.

Vale destacar que, nuestro ordenamiento jurídico ha adoptado lo que se conoce como "cláusulas de reserva". *Pueblo v. DiCristina Rexach, supra*, pág. 788; *Pueblo v. González, supra*, pág. 686. Las cláusulas de reserva tienen como finalidad "asegurar la aplicación de leyes que han sido derogadas o enmendadas a los hechos ocurridos durante el periodo en que estuvieron vigentes, sin importar el resultado favorable o desfavorable para la persona acusada". *Pueblo v. González, supra*, pág. 686. Es decir, las clausulas de reserva constituyen una limitación al principio de favorabilidad. *Pueblo v. DiCristina Rexach, supra*, pág. 788; *Pueblo v. González, supra*, pág. 686.

### D.

El Art. 3 de la *Ley de la Junta de Libertad*, Ley Núm. 118 de 22 de julio de 1974 (Ley Núm. 118-1974), según enmendada, 4 LPRA sec. 1503, dispone que la Junta de Libertad Bajo Palabra tiene

autoridad para decretar la libertad bajo palabra de cualquier persona recluida en cualquier institución penal de Puerto Rico que ha sido convicta a tenor con la clasificación de gravedad del delito. Al respecto, la elegibilidad de las personas convictas conforme al Código Penal de Puerto Rico será determinada de acuerdo con la clasificación de gravedad de delito y las condiciones para la concesión que establece el Código Penal de Puerto Rico. Art. 4 de la Ley Núm. 118-1974, *supra* sec. 1504. En esa línea, el Art. 308 del Código Penal de 2012, *supra* sec. 5416, estatuye que toda persona convicta bajo las disposiciones del Código Penal podrá ser elegible para libertad bajo palabra luego del cumplir los términos que dispone el citado artículo y la Ley Núm. 118-1974.

De un examen legislativo, denotamos que el Art. 308 del Código Penal de Puerto Rico tuvo varias enmiendas. Veamos.

La Ley Núm. 246 del 24 de diciembre de 2014 (Ley Núm. 246-2014), enmendó el Art. 308 del Código Penal de Puerto Rico a los fines de imponer términos para que las personas convictas puedan obtener el beneficio de libertad bajo palabra. Luego, la Ley Núm. 30 de 7 de junio de 2022 (Ley Núm. 7-2022) excluyó varios delitos en los que un convicto no podía beneficiarse de la libertad bajo palabra. Conforme esos principios, la Ley Núm. 85-2022 enmendó el Art. 308 del Código Penal de 2012, *supra*, a los fines de atemperar dicho artículo, a los términos estatutarios enmendados en la Ley Núm. 118-1974, para que un convicto cualifique para ser considerado para la libertad bajo palabra. A tenor con lo anterior, la Ley Núm. 85-2022, estableció que no se le podrá conceder la libertad bajo palabra a las personas convictas por los <u>delitos de agresión sexual o pornografía infantil en cualquiera de sus modalidades</u>. Asimismo, la Sección 3 de la Ley Núm. 85-2022, estatuyó que dicha ley aplicará de forma retroactiva, "independientemente del Código Penal o Ley

Penal Especial vigente al momento de los hechos delictivos, siempre y cuando resulte favorable para la persona condenada".

En esa línea, el Art. 3 de la Ley Núm. 85-2024, delimitó de manera expresa los delitos en los que un convicto no puede gozar del privilegio de libertad bajo palabra. Cónsono con ello, el referido artículo decretó que una persona convicta por los delitos de agresión sexual o pornografía infantil en cualquiera de sus modalidades no cualificaba para gozar el privilegio bajo palabra. Así las cosas, la Sección 3 de la Ley Núm. 85-2022, afirma como cláusula de reserva que:

> Esta Ley aplicara de manera retroactiva/ independientemente del Código Penal o Ley Penal Especial vigente al momento de los hechos delictivos/ siempre y cuando resulte favorable para la persona condenada. Las cláusulas de prohibiciones absolutas de libertad bajo palabra en los delitos de leyes penales especiales no serán aplicables al caso de menores juzgados y sentenciados como adultos cuando contravengan lo aquí establecido.

En esa línea, la Sección 3 de la Ley Núm. 85-2024, ordena que,

> Sección 3.-Clausula de Exclusión de Jurisdicción de la Junta de Libertad Bajo Palabra. La Junta no tendrá jurisdicción para atender los casos de las personas convictas por los delitos de agresión sexual en todas sus modalidades/ agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil/ incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el Código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012.
>
> [...]
>
> Las personas que al momento de la aprobación de esta Ley estén referidas bajo la consideración de la Junta de Libertad Bajo Palabra sin que haya una determinación final, no cualificaran para este privilegio, indistintamente de la etapa procesal en que se encuentre la referida solicitud.

Actualmente, el Art. 308 del Código Penal de 2012, *supra*, dispone que las personas convictas por los delitos de "agresión sexual en todas sus modalidades, agresión sexual conyugal, actos lascivos, violación, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas" no pueden beneficiarse de la libertad bajo palabra. Particularmente, el referido

artículo aclara que una persona convicta por los mencionados delitos no puede beneficiarse de la libertad bajo palabra indistintamente de la fecha en que cometió el acto delictivo, el código penal o la ley especial utilizada al momento de dictar sentencia.

**III.**

En el caso de epígrafe, el recurrente alegó que la JLBP erró en declararse sin jurisdicción tras aplicar de forma retroactiva, la Ley Núm. 85-2024 y, por tanto, aplicó una ley *ex post facto*. Ello, toda vez que la Ley Núm. 85-2024 establece que una persona convicta por los delitos de violación y secuestro no puede gozar del privilegio de libertad bajo palabra.

Conforme las normas jurídicas pormenorizadas, nuestra Constitución consagra como uno de sus principios que una persona convicta no puede aplicársele retroactivamente una ley *ex post facto*. Es decir, se prohíbe la aplicación retroactiva de leyes penales más onerosas que al momento de la comisión de los hechos. La aplicación de leyes *ex post facto* está prohibida en los siguientes supuestos: (1) aquellas leyes que criminalizan y castigan un acto que, al ser realizado, no era delito; (2) las que agravan un delito o lo hacen mayor de lo que era al momento de ser cometido; (3) las que alteran el castigo imponiendo una pena mayor que la fijada para el delito al momento de ser cometido, y (4) las que alteran las reglas de evidencia, exigiendo menos prueba que la requerida por la ley al momento de la comisión del delito para castigar al acusado o reducir el quantum de evidencia necesario para encontrarlo culpable. *Pueblo v. Ferrer Maldonado*, 201 DPR 974, 990 (2019). Empero, el Tribunal Supremo resolvió en el caso de *González Fuentes v. ELA*, *supra*, pág. 416, que la aplicación de una ley retroactiva que excluye el disfrute del privilegio de libertad bajo palabra no es perjudicial en comparación con la normativa vigente al momento de los hechos cuando el convicto cometió el delito.

A esos efectos, la libertad bajo palabra fue creada para que las personas confinadas puedan beneficiarse de los privilegios concedidos por la Rama Legislativa. Luego de un examen del historial legislativo, la Rama Legislativa privó de jurisdicción a la JLBP en conceder el privilegio de libertad bajo palabra, a los convictos que hayan cometido ciertos delitos, entre ellos los delitos de violación y secuestro. Ahora bien, dicha limitación, constituye una cláusula de reserva puesto que las personas condenadas por los delitos establecidos en el Art. 308 del Código Penal de 2012, *supra*, no pueden favorecerse del beneficio de libertad bajo palabra concedido por la Asamblea Legislativa.

Tras un análisis sigiloso del expediente, resolvemos que la JLBP no erró en denegarle el beneficio de libertad bajo palabra al señor Marín Robles.

Es forzoso concluir que, el señor Marín Robles no puede beneficiarse del privilegio de libertad bajo palabra toda vez que la Ley Núm. 85-2022, privó de jurisdicción a la JLBP en atender a los convictos que cometieron delitos de agresión sexual y sus modalidades. De igual manera, la Ley Núm. 85-2024, enunció una lista de los delitos en que una persona convicta no puede gozar de la libertad bajo palabra, entre ellos los delitos de secuestro y violación, los cuales fueron cometidos por el recurrente. Ciertamente, el recurrente no cualifica para obtener dicho privilegio toda vez que la citada ley no permite que una persona convicta por los delitos de secuestro y violación, tal como es el caso del recurrente, pueda obtener la libertad bajo palabra. Además, la intención legislativa de la Ley Núm. 85-2024, es clara en que indiferentemente de la fecha en que ocurrió el delito o el Código Penal que le fue aplicable, la persona condenada por los delitos que excluye la referida ley no puede recibir la libertad bajo palabra.

Por otro lado, el mencionado estatuto no constituye una aplicación de una ley *ex post facto* puesto que el máximo foro judicial interpretó que al aplicar una ley retroactiva que excluya el disfrute del privilegio de libertad bajo palabra no es perjudicial en comparación con la normativa vigente al momento de los hechos cuando el convicto cometió el delito. *González Fuentes v. ELA, supra,* pág. 416. Por ende, el denegar dicho privilegio no constituyó una aplicación de una ley *ex post facto*.

A tenor con lo anterior, resolvemos que la JLBP actuó correctamente en denegarle el privilegio de libertad bajo palabra al recurrente. Ello, a la luz de que la Rama Legislativa no le confirió jurisdicción a la JLBP para otorgarle el privilegio de libertad bajo palabra a las personas convictas por los delitos de secuestro y violación.

**IV**.

Por los fundamentos que anteceden, se confirma la *Resolución* recurrida.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones