ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| WILLIAM J. RODRÍGUEZ<br><br>RECURRENTE<br><br>V.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>RECURRIDO | TA2025RA00303 | *REVISIÓN*<br>*Decisión Administrativa* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 130513<br><br>Sobre:<br>Ley Núm. 85-2024 |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Comparece ante nos, William J. Rodríguez (en adelante, "Rodríguez" o "recurrente"), a los fines de solicitar nuestra intervención para que dejemos sin efecto la *Resolución* emitida el 2 de septiembre de 2025, notificada el día 4 del mismo mes y año, por la Junta de Libertad Bajo Palabra (en adelante, "Junta" o "recurrida"). Mediante el referido dictamen, la agencia recurrida concluyó que carece de jurisdicción para atender el caso de Rodríguez, para ser considerado para la concesión de libertad bajo palabra, debido a una cláusula de exclusión de jurisdicción de la Junta, según la Sección 3 de la Ley Núm. 85 del 28 de mayo de 2024 (Ley Núm. 85-2024).

Por los fundamentos que exponemos a continuación, se *confirma* la *Resolución* recurrida.

**I.**

El 26 de febrero de 2016, Rodríguez fue sentenciado a veinte (20) años de cárcel, por haber cometido el delito de agresión sexual en segundo

grado, bajo el Artículo 142(c) del Código Penal del Estado Libre Asociado de Puerto Rico, Ley Núm. 149 del 18 de junio de 2004, según enmendada (Código Penal de 2004).[1] En esa misma fecha, se preparó una *Hoja de Control sobre Liquidación de Sentencia* en la que, según el cómputo realizado, el tiempo mínimo a cumplir la pena de reclusión sería hasta el 22 de julio de 2025.[2] Cumplido el tiempo, el 6 de mayo de 2025, diligenciado el día 12 del mismo mes y año, la Junta citó a Rodríguez para comparecer el 23 de julio de 2025 a una entrevista con la Junta sobre consideración para libertad bajo palabra.[3] Por su parte, la Junta emitió una *Resolución* el 2 de septiembre de 2025, notificada el día 4 del mismo mes y año, en la que concluyó que carece de jurisdicción para atender el caso de Rodríguez, para ser considerado para la concesión de libertad bajo palabra, debido a una cláusula de exclusión de jurisdicción de la Junta, según la Sección 3 de la Ley Núm. 85-2024, *supra*.[4]

El 17 de septiembre de 2025, Rodríguez presentó una *Moción de Reconsideración de No Jurisdicción (Ley Núm. 85-2024)*, en la que alegó que la Ley Núm. 85-2024, *supra*, fue aprobada en una fecha posterior a la comisión de los hechos, al juicio y a la sentencia emitida en su contra.[5] Arguyó que la aplicación retroactiva de la referida ley constituye una violación al derecho constitucional al debido proceso de ley y a la prohibición de leyes *ex post facto*, ya que la aplicación de la ley a su caso convierte su sentencia en una más onerosa.

Evaluada la moción de reconsideración, el 23 de septiembre de 2025, la Junta emitió una *Resolución y Orden* en la que declaró *No Ha Lugar* la reconsideración y se reiteró en su previa *Resolución,* declarándose sin jurisdicción.[6]

---

[1] Apéndice Núm. 8 de la Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).
[2] Apéndice Núm. 9 de la Entrada Núm. 1 del SUMAC TA.
[3] Apéndice Núm. 10 de la Entrada Núm. 1 del SUMAC TA.
[4] Apéndice Núm. 11 de la Entrada Núm. 1 del SUMAC TA.
[5] Apéndice Núm. 5 de la Entrada Núm. 1 del SUMAC TA.
[6] Apéndice Núm. 3 de la Entrada Núm. 1 del SUMAC TA.

Inconforme, el 22 de octubre de 2025, el recurrente compareció ante nos mediante un recurso de *Revisión Administrativa*[7] y señaló el siguiente error:

> Erró la Junta de Libertad Bajo Palabra al declararse sin jurisdicción para considerar al señor William J. Rodríguez tras aplicar, de forma retroactiva, la Ley 85 de 2024 a la sentencia impuesta por el delito de agresión sexual. Esto anterior, cuando ello resulta de una clara violación constitucional contra la aplicación de leyes *ex post facto*, el debido proceso de ley y el derecho a la rehabilitación del aquí recurrente.

Mediante *Resolución* emitida el 27 de octubre de 2025, le ordenamos a la parte recurrida que presentara su alegato en oposición y la copia certificada del expediente administrativo del caso.

En cumplimiento de ello, el 25 de noviembre de 2025, la Junta presentó el aludido alegato y copia certificada del expediente administrativo.

En esencia, sostiene que, mediante la Ley Núm. 85-2024, *supra*, la Asamblea Legislativa aclaró ciertos puntos respecto a la aplicación retroactiva de la Ley Núm. 85-2022, *supra*. En cuanto a esos extremos arguye, que la Sección 3 de la legislación del 2024, incluyó una cláusula de exclusión sobre la jurisdicción de la Junta. A través de esta, se excluyen de la referida jurisdicción los casos de personas convictas por el delito de agresión sexual en todas sus modalidades. De igual modo, la Ley Núm. 85-2024, *supra* estableció una cláusula de reserva con relación a que no se aplicará retroactivamente el nuevo cómputo de la Ley Núm. 85-2022, *supra* a los convictos por el delito de agresión sexual, como es el caso del señor Rodríguez.

Así, esboza la Junta que si bien no procede aplicarle al recurrente la cláusula de exclusión de la Ley Núm. 85-2024, *supra*, no significa que al señor Rodríguez debía aplicársele el beneficio del nuevo cómputo que introdujo la Ley Núm. 85-2022, *supra*, puesto que la cláusula de reserva de la Ley Núm. 85-2024, *supra*, expresamente excluye su delito de la aplicación retroactiva. Conforme a estos señalamientos, razona la Junta

---

[7] Entrada Núm. 1 del SUMAC TA.

que al señor Rodríguez no le aplica el nuevo cómputo que introdujo la Ley Núm. 85-2022, *supra* y que su mínimo de cumplimiento se debe computar a base del derecho vigente a la fecha de la comisión de los hechos.

Con el beneficio de la comparecencia de ambas partes, procedemos a esbozar el marco doctrinal aplicable a la controversia que hoy nos ocupa.

**II.**

**-A-**

La Constitución de Puerto Rico instaura como política pública del Estado reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva, y así propender al tratamiento adecuado de la población correccional a los fines de posibilitar su rehabilitación moral y social. Const. PR, Art. VI, Sección 19, LPRA Tomo I. En armonía de este mandato constitucional, la Ley de la Junta de Libertad Bajo Palabra, Ley Núm. 118 de 22 de junio de 1974, 4 LPRA sec. 1501, según enmendada (Ley Núm. 118-1974), instituye este organismo administrativo como una entidad adscrita al Departamento de Corrección y Rehabilitación de Puerto Rico. El Artículo 3-D de la precitada legislación establece que dicha agencia goza de la facultad para conceder el privilegio de libertad bajo palabra de una persona recluida en una institución penal en Puerto Rico. 4 LPRA 1503(d). Este beneficio no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la Junta. *Quiles v. Del Valle,* 167 DPR 458, 475 (2006).

A esos fines, el Artículo 4 de la Ley Núm. 118-1974, *supra*, regula la jurisdicción de la Junta de Libertad Bajo Palabra de la siguiente manera:

> En los casos de las personas convictas conforme al vigente Código Penal del Estado Libre Asociado, la elegibilidad de los casos para consideración por la Junta se determinará conforme a la clasificación de gravedad de delito y a las condiciones para su concesión que establece el mencionado cuerpo legal. 4 LPRA sec. 1504.

Considerado este requisito jurisdiccional, la Junta tendrá facultad para evaluar si procede conceder el privilegio de libertad bajo palabra a la luz de una serie de requisitos establecidos en el Artículo 3-D de la Ley Núm. 118-1974, *supra*. 4 LPRA sec. 1503d. De cumplir con tales criterios, el

solicitante del privilegio tendrá la oportunidad extinguir la última parte de su sentencia fuera de la institución penal, sujeto a la observancia de las condiciones que se impongan para conceder la libertad. *Quiles v. Del Valle, supra*, pág. 475. No obstante, la libertad bajo palabra solo será decretada en consideración del mejor interés de la sociedad y cuando las circunstancias permitan creer con razonable certeza que tal medida habrá de lograr la rehabilitación moral y económica del confinado. Art. 3, Ley Núm. 118, *supra,* 4 LPRA sec. 1503. Véase, también, *Lebrón Pérez v. Alcaide, Cárcel de Distrito,* 91 DPR 567, 570 (1964).

Posteriormente, la Ley Núm. 85 de 11 de octubre de 2022 se aprobó tomando en consideración "la política pública constitucional de la rehabilitación que debe traducirse en un andamiaje penal más humano en la implementación de las penas, y sin obviar la responsabilidad de la persona ante el gobierno por sus acciones delictivas […]". (Exposición de Motivos). Ley Núm. 85-2022.

En lo aquí pertinente, la precitada ley enmendó el Artículo 3 de la Ley Núm.118-1974 para que dispusiera lo siguiente:

> La Junta de Libertad Bajo Palabra tendrá la siguiente autoridad, poderes y deberes:
>
> (a)   […]
>
> Podrá así mismo decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico que ha sido convicta conforme a la clasificación de gravedad del delito y a las condiciones para su concesión que establecía la derogada Ley 149-2004, según enmendada, conocida como "Código Penal de Puerto Rico de 2004": . …..
>
> . . (6) En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial.
>
> ………………………………………..
>
> La Junta podrá considerar para la libertad bajo palabra a aquellas personas que hayan utilizado o intentado utilizar un arma de fuego ilegal en la comisión de un delito grave o su tentativa, según definido en la Ley 146-2012. 4 LPRA sec. 1503

Además, la Sección 3 de la Ley Núm. 85-2022 dispuso para su aplicación retroactiva como sigue:

> Esta Ley aplicará de manera retroactiva, independientemente del Código Penal o Ley Penal Especial vigente al momento de los hechos delictivos, siempre y cuando resulte favorable para la persona condenada. Las cláusulas de prohibiciones absolutas de libertad bajo palabra en los delitos de leyes penales especiales no serán aplicables al caso de menores juzgados y sentenciados como adultos cuando contravengan lo aquí establecido.

Tras la aprobación de la Ley Núm. 85 de 28 de mayo de 2024, se enmendó la Ley Núm. 85-2022, para aclarar que a algunos convictos que hubiesen cometido ciertos delitos no le aplicaría el nuevo cómputo del mínimo para elegibilidad al privilegio de libertad bajo palabra. Esta Ley Núm. 85 de 28 de mayo de 2024,  enmendó el Articulo 308 de la Ley 146-2012, según enmendada y el Artículo 3 de la Ley Núm. 118 de 22 de julio de 1974, según enmendada, a los fines de reafirmar que las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, actos lascivos, violación, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia. A su vez, aclaró que, la Ley 85-2022 no aplicará retroactivamente a las personas convictas por estas actuaciones delictivas; y dispuso que el referido estatuto no surtirá efecto en el cálculo de su sentencia y para otros fines relacionados.

**-B-**

La Constitución de Puerto Rico, al igual que la Constitución de Estados Unidos de América, prohíben aplicar leyes *ex post facto*. Art. II, Sec. 12, Const. PR, LPRA, Tomo 1; Art. I, Sec. 10, Cl. 1, Const. EE. UU, LPRA, Tomo 1. Esta limitación constitucional busca prohibir la aplicación retroactiva de una ley que agrave para el acusado su relación con el delito, la oportunidad de defenderse y la forma de cumplir con una sentencia o su extensión. *Pueblo v. Ferrer Maldonado*, 201 DPR 974, 991 (2019). En virtud de esta cláusula, "se intenta asegurar que el Estado no utilice el poder

coercitivo de forma arbitraria o vengativa". *González Fuentes v. E.L.A.*, 167 DPR 400, 408 (2006).

A esos fines, nuestro estado de derecho reconoce como leyes *ex post facto* aquellas legislaciones que presenten algunos de estos escenarios: (1) leyes que criminalizan y castigan un acto que, al ser realizado, no era delito; (2) las que agravan un delito o lo hacen mayor de lo que era al momento de ser cometido; (3) las que alteran el castigo imponiendo una pena mayor que la fijada para el delito al momento de ser cometido, y (4) las que alteran las reglas de evidencia, exigiendo menos prueba que la requerida por la ley al momento de la comisión del delito para castigar al acusado o reducir el quantum de evidencia necesario para encontrarlo culpable. *Pueblo v. Ferrer Maldonado, supra*, pág. 990; *Pueblo en interés menor F.R.F.*, 133 DPR 172, 180 esc. 14 (1993).

Conviene destacar que, en *González v. ELA*, *supra*, pág. 409, el Tribunal Supremo de Puerto Rico especifica que esta prohibición opera cuando una ley elimina retroactivamente bonificaciones por buen comportamiento que estaban vigentes cuando el acusado realizó la conducta delictiva. De manera similar, a modo ilustrativo, en *Pueblo en interés menor F.R.F., supra,* pág. 180, el foro supremo emitió el siguiente pronunciamiento jurídico:

> Si aplicáramos la Ley de Menores de 1986 a los hechos ocurridos el 9 de febrero de 1986, ello equivaldría a la aplicación *ex post facto* de una ley en detrimento del menor, habida cuenta que se le estaría juzgando bajo términos y condiciones más onerosos que los impuestos por la ley vigente a la fecha en que alegadamente se perpetraron los hechos, lo cual es constitucionalmente impermisible.

En esa dirección, al examinar si una ley penal resulta "más onerosa que la vigente al momento de la comisión de los hechos es necesario examinar si, en comparación con el viejo estatuto, la nueva ley tiene el efecto de alargar el término de reclusión que habría de ser cumplido por el sujeto". *Íd.* Una vez se efectúa ese análisis, la protección constitucional solo se activa cuando el estatuto que pretende aplicar retroactivamente es más oneroso que el que estaba vigente a la fecha en que se cometió la ofensa. *Corretger v. Adm. Corrección*, 172 DPR 320, 324 (2007).

**-C-**

La Constitución de Puerto Rico declara que la dignidad del ser humano es inviolable, y a su vez, establece que los seres humanos son iguales ante la ley. Art. II, Sec. 1 Const. PR, LPRA, Tomo 1. En virtud de tales principios, la Asamblea Legislativa de Puerto Rico adoptó la Ley Núm. 85 del 28 de mayo de 2024 (Ley Núm. 85-2024).[8] Esta legislación procura salvaguardar el derecho de las víctimas de aquellos delitos de agresión sexual en todas sus modalidades, entiéndase, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas.

De acuerdo con la legislatura, es un imperativo "atemperar esta Ley a los tiempos que vivimos, donde los casos de esta índole cada día son más notorios y a su vez, atroces". Exposición de Motivo de la Ley Núm. 85-2024, *supra*. A los fines de alcanzar este propósito, la Ley Núm. 85-2024, *supra*, contempla tres (3) importantes enmiendas que discutiremos continuación.

En lo pertinente, la Sección 1 de esta legislación enmienda el Artículo 308 de la Ley 146-2012, 33 LPRA sec. 5416, conocida como Código Penal de Puerto Rico (2012) para que lea de la siguiente manera:

> Artículo 308-. Términos para cualificar para consideración de la Junta de Libertad bajo Palabra.
>
> .    .    .    .    .    .    .    .    .
>
> **Las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, actos lascivos, violación, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012. La Ley Núm. 118 de 22 de julio de 1974, según enmendada, o el estatuto que sea aprobado en lo sucesivo, dispondrá los restantes delitos que no cualificarán para este privilegio.** (Énfasis nuestro).

A su vez, la Sección 2 de la precitada legislación enmienda el Artículo 3 de la Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1503,

---

[8] La versión de Leyes de Puerto Rico Anotadas de esta pieza legislativa corresponde a las codificaciones de la serie de leyes matrices enmendadas por la ley en cuestión.

conocida como la Ley de la Junta de Libertad Bajo Palabra, de la siguiente

manera:

Artículo 3.-Autoridad, Poderes y Deberes de la Junta.

La Junta de Libertad Bajo Palabra tendrá la siguiente autoridad, poderes y deberes:

(a)      Podrá decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico que hubiere sido o fuere convicta por delitos cometidos con anterioridad a la fecha de vigencia de la ley que establece el Sistema de Sentencia Determinada en Puerto Rico, o que hubiere sido o fuere convicta por delitos bajo la ley que establece el Sistema de Sentencia Determinada en Puerto Rico, cuando haya satisfecho la multa dispuesta en el Artículo 49-C de la Ley Núm. 115 de 22 de julio de 1974, según enmendada, y haya cumplido la mitad de la sentencia fija que le ha sido impuesta, excepto cuando la persona haya sido convicta bajo dicho sistema de sentencia determinada por asesinato en primer grado, en cuyo caso el convicto no será elegible para el beneficio de libertad bajo palabra. De igual forma, en los casos de asesinato en primer grado cometidos bajo la modalidad comprendida en el inciso (b) del Artículo 83 de la derogada Ley Núm. 115 de 22 de julio de 1974, según enmendada, la Junta no podrá decretar la libertad bajo palabra.

Podrá así mismo decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico que ha sido convicta conforme a la clasificación de gravedad del delito y a las condiciones para su concesión que establecía la derogada Ley 149-2004, según enmendada, conocida como "Código Penal de Puerto Rico de 2004":

.     .     .     .     .     .     .     .

**De igual forma, las personas convictas por los delitos de agresión sexual en todas sus modalidades, incluyendo la tentativa, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil <u>no podrán beneficiarse del privilegio de libertad bajo palabra</u>, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012**. (Énfasis Nuestro).

Por último, la aprobada ley instaura una cláusula de exclusión de la

jurisdicción de la Junta de Libertad Bajo Palabra. La referida Sección 3

contenida en la Ley Núm. 85-2024, *supra*, dispone, en parte:

**Sección 3.-Cláusula de Exclusión de Jurisdicción de la Junta de Libertad Bajo Palabra.**

**La Junta no tendrá jurisdicción para atender los casos de las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni**

**el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012.** (Énfasis nuestro).

**-D-**

En nuestro ordenamiento jurídico, una parte inconforme con una determinación u orden administrativa final tiene el derecho a recurrir en revisión judicial ante el Tribunal de Apelaciones de Puerto Rico. Véase Artículo 4.006(c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley 201-2003, 4 LPRA sec. 24y, según enmendada; Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 38-2017, 3 LPRA sec. 9672, según enmendada. Así pues, el derecho a cuestionar la determinación administrativa es parte del debido proceso de ley protegido por la Constitución de Puerto Rico. *Autoridad de Carreteras y Transportación v. Programa*, 210 DPR 897, 908 (2022); *Assoc. Condomines v. Meadows Dev.*, 190 DPR 843, 847 (2014).

Como norma general, en el trámite revisorio, los foros apelativos estamos llamados a conceder amplia deferencia a las decisiones agenciales. *Otero Rivera v. USAA Fed. Savs. Bank*, 214 DPR 473, 484 (2024); *Oficina del Comisionado de Seguros de Puerto Rico v. Point Guard Insurance Company, Inc.*, 205 DPR 1005, 1026 (2020). Por lo que, solo es posible sustituir "el criterio de la agencia por el del tribunal revisor cuando no exista una base racional para explicar la decisión administrativa". *Voili Voila Corp. et al. v. Mun. Guaynabo,* 213 DPR 743, 754 (2024)*; Capó Cruz v. Jta. de Planificación et al*, *supra*, 204 DPR 581, 591 (2020).

Ahora bien, no podemos imprimir un sello de corrección a las determinaciones o las interpretaciones administrativas irrazonables, ilegales o contrarias a derecho. *Super Asphalt Pavement, Corp. v. Autoridad para el Financiamiento de la Infraestructura de Puerto Rico*, 206 DPR 803, 819 (2021). Por tanto, nuestra deferencia cede cuando: (1) la decisión no está basada en evidencia sustancial; (2) el organismo administrativo ha errado en la aplicación o interpretación de las leyes o reglamentos; (3) ha mediado una actuación arbitraria, irrazonable o ilegal,

o (4) la actuación administrativa lesiona derechos constitucionales fundamentales. *Voili Voila Corp. et al. v. Mun. Guaynabo*, *supra*; *Super Asphalt Pavement, Corp. v. AFI y otro*, *supra*, pág. 819.

No obstante, nos corresponde puntualizar que, los tribunales revisores no intervendremos en las determinaciones de hechos siempre y cuando surja del expediente administrativo evidencia sustancial que las respalde. *The Sembler Co. v. Mun. De Carolina,* 185 DPR 800, 821-822 (2012). La evidencia sustancial es aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Capó Cruz v. Jta. de Planificación et al., supra*, pág. 591; *Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004). En cambio, a tenor con la Sección 4.5 de la LPAU, *supra*, tenemos autoridad para revisar las conclusiones de derecho en todos sus aspectos. 3 LPRA sec. 9675. Es decir, ostentamos la facultad para revisarlas completa y absolutamente. *IFCO Recycling v. Aut. Desp. Sólidos,* 184 DPR 712, 745 (2012); *Assoc. Ins. Agencies, Inc. v. Com. Seg.* P.R., 144 DPR 425, 436 (1997).

En el escenario particular de las cuestiones de derecho, el Tribunal Supremo ha proferido las siguientes expresiones:

> Hoy hacemos eco a las palabras del foro federal y concluimos que la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales. Así, enfatizamos la necesidad de que los foros judiciales, en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU, supra. Como corolario, al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. No guiados por la deferencia automática a la que alude el DACo, sino que por los mecanismos interpretativos propios del Poder Judicial. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros*, 2025 TSPR 56.

Es menester destacar que los dictámenes de las autoridades correccionales merecen gran deferencia. *Cruz Negrón v. Administración de Corrección*, 164 DPR 341, 357 (2005). Al respecto, el Tribunal Supremo de Puerto Rico establece lo siguiente:

> Por lo general, la composición de estos comités la conforman peritos en el campo tales como técnicos sociopenales y oficiales o consejeros correccionales. Estos profesionales cuentan con la capacidad, la preparación, el conocimiento y la experiencia necesarios para atender las necesidades de los confinados y realizar este tipo de evaluaciones. Por esta razón, una determinación formulada por el referido Comité debe ser sostenida

por el foro judicial siempre que no sea arbitraria o caprichosa y esté fundamentada en evidencia sustancial. Es decir, siempre que la decisión sea razonable, cumpla con el procedimiento establecido en las reglas y los manuales, y no altere los términos de la sentencia impuesta, el tribunal deberá confirmarla. *Íd.*, págs. 354-355.

A la luz de su conocimiento especializado, la determinación agencial merece deferencia sustancial aun cuando no sea la única razonable. *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1003 (2011). Esta normativa contempla que las instituciones correccionales "están en mejor posición para resolver las controversias surgidas en torno a los asuntos que le fueron encomendados por ley". *Cruz Negrón v. Administración de Corrección*, *supra*, págs. 355-356.

Esbozada la norma jurídica aplicable, procedemos a resolver la controversia ante nuestra consideración.

**III.**

En su único señalamiento de error, el recurrente sostiene que incidió la Junta al declarar que carece de jurisdicción para atender su caso y con ello no considerarlo para la concesión del privilegio de libertad bajo palabra.

La libertad bajo palabra es un privilegio y no un derecho. Al ser un privilegio, no hay derecho fundamental del recurrente que se le esté lacerando. Inclusive, sus propias palabras son que la aplicación de la Ley Núm. 85-2024, *supra*, "ordena que el Peticionario permanezca encarcelado por el resto de su sentencia […]". Y esta, precisamente, es la médula de la controversia ante nos. La aplicación retroactiva de dicha ley no criminaliza ni castiga un acto que, al ser realizado, no era delito, por el contrario, el acto cometido ya estaba tipificado en el Código Penal al momento de los hechos. A su vez, no agrava el delito ni lo hace mayor de lo que era al momento de ser cometido. Tampoco altera el castigo ni impone una pena mayor que la fijada para el delito al momento de ser cometido. Lejos de ello, la pena a cumplirse por el recurrente es la misma desde el momento en que fue sentenciado en el año 2016. Por último, la aplicación retroactiva no altera las reglas de evidencia, exigiendo menos prueba que la requerida

por la ley al momento de la comisión del delito para castigar al acusado o reducir el quantum de evidencia necesario para encontrarlo culpable.

En esencia, la aplicación de la Ley Núm. 85-2024, *supra*, solo tuvo el efecto de eliminar un **privilegio**, no un derecho, con el claro fin de salvaguardar el derecho de las víctimas de estos delitos sexuales y de no lacerar más la salud mental y la paz que le fueron arrebatadas. Así pues, la *Resolución* recurrida en cuanto a la falta de jurisdicción para atender el caso del recurrente no incide sobre los derechos constitucionales de éste. Es preciso señalar, que la prohibición constitucional de *leyes ex post facto* se activa cuando el estatuto que se pretende aplicar de forma retroactiva es más oneroso que el estatuto que estaba **vigente a la fecha de los hechos delictivos**. Este no es el caso actual.

El recurrente reclama los beneficios de cómputo establecidos en la Ley Núm. 85-2022, *supra* a los fines de acceder a la consideración de la Junta. Por su parte, la Ley Núm. 85-2024, *supra,* alteró los beneficios computacionales de la referida Ley Núm. 85-2022, *supra,* la cual es de vigencia posterior a los hechos delictivos de este caso que ocurrieron el día 14 de abril de 2012. Siendo así, el recurrente no reclama los beneficios de la ley vigente al momento de los referidos hechos delictivos, sino los beneficios dispuestos en una ley adoptada posteriormente. Ante ello, no se activa la salvaguardar constitucional que prohíbe las *leyes ex post facto*.

En lo que respecta al principio de favorabilidad, éste se trata de un principio estatutario consagrado en una ley general que es el Código Penal. No es un principio constitucional. Así pues, la aplicación retroactiva de las leyes penales beneficiosas queda dentro de la prerrogativa legislativa, puesto que el legislador puede válidamente imponer restricciones al principio de favorabilidad. Véase, *Pueblo v. González*, 165 DPR 675, 686 y 704 (2005).  Cónsono con lo anterior, en nuestro ordenamiento jurídico se han adoptado las denominadas "cláusulas de reserva," las cuales

constituyen una limitación al principio de favorabilidad. Véase, *Pueblo v. DiCristina* Rexach, 204 DPR 779, 787-788 (2020).

En el presente caso, mediante la Ley Núm. 85-2024, *supra*, la Asamblea Legislativa incorporó una cláusula de reserva parcial en virtud de la cual se limita la aplicación retroactiva de la Ley Núm. 85-2022, *supra*. Específicamente, la Legislatura dispuso de forma expresa que la precitada legislación del año 2022 no tendrá efecto retroactivo para aquellas personas convictas de delitos de agresión sexual en todas sus modalidades. Esta acción es una prerrogativa legislativa válida que nuestros legisladores pueden ejercer. Por lo tanto, tampoco le asiste la razón al recurrente en sus argumentos relativos al principio de favorabilidad.

Cabe añadir que, no hay razón en el presente caso para que deba ceder la deferencia concedida por este Tribunal a las determinaciones de la Junta. A saber, la *Resolución* emitida no fue una en que la decisión no fue basada en evidencia sustancial, no erró en la aplicación o interpretación de una ley o reglamento, no medió una actuación arbitraria, irrazonable o ilegal, ni su actuación lesionó un derecho constitucional fundamental. En fin, el error señalado no se cometió.

Así pues, a tenor de los anteriores razonamientos y tras evaluar la totalidad del expediente digital y la copia certificada del expediente administrativo ante nuestra consideración, concluimos confirmar la decisión objeto de revisión.

**IV.**

Por los fundamentos que anteceden, *confirmamos* la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones